### Aransas Pass Harbor Company v. First National Bank of Aransas Pass.

#### Decided March 27, 1902.

**Limitations—Action to Recover Land—Cancellation of Deed—Cloud on Title.**

In an action brought by a corporation to recover land which its president had conveyed, but without authority to make such conveyance, the statute of limitations of four years does not apply as a defense, although plaintiff's petition sets out the void deed and asks its cancellation as a cloud on title.

Appeal from Aransas. Tried below before Hon. M. F. Lowe.

*Denman, Franklin & McGown,* for appellant.

*E. A. Stevens,* for appellee.

GARRETT, CHIEF JUSTICE.—The appellee brought this action against the appellant for the recovery of land which had been conveyed by the president of the appellee to the appellant without authority from its board of directors. From a judgment in favor of the bank for the cancellation of the deed and the recovery of the land the harbor company has appealed. The facts show that on the 21st day of March, 1895, T. H. Mathis was the president of the First National Bank of Aransas Pass, and on that date executed a deed in the name of the bank, signed by him as president, with the seal of the bank affixed, which purported to convey to the Aransas Pass Harbor Company the land described in the petition. The instrument was acknowledged by Mathis before a notary public on the day of its execution and was filed for record in the office of the county clerk of Aransas County on July 9, 1895. The petition alleged the execution of the deed by Mathis, its date and record, and that Mathis was in fact president of the corporation, but that he was not authorized by any resolution of its board of directors, nor in any manner by the board of directors or the stockholders of the corporation, to make the conveyance, and that the appellant accepted the deed with notice of the want of authority in Mathis to convey the land; that the deed was null and void, but a cloud upon appellee's title; that on July 15, 1899, the appellant unlawfully entered upon said premises and ejected the appellee therefrom and unlawfully withheld the same from its possession to its damage $3500, and has been using and enjoying the same to the exclusion of the appellee; and that the use of the premises was $5 a month. Wherefore it prayed for citation and for a decree annulling and canceling the deed and judgment for the land and for writ of possession, also for rents and costs of suit.

The only question properly presented for consideration on the appeal is that of limitation. The appellant pleaded in bar of the action four years limitation. We are of the opinion that the statute of four years limitation does not apply. The deed was void as against the appellee for want of power in the president to convey, and it could be so treated in an action by the corporation for the recovery of the land. Palmer v. Lumber Company, 3 Texas Civ. App., 474. The petition showed that the suit was for the recovery of the land, although the deed was set out in the petition and a decree for its cancellation was asked. McCelvey v. McCelvey, 15 Texas Civ. App., 105.

*Affirmed.*

Writ of error refused.