**DALL et al. v. LINDSEY et al.**

No. 6118.

Court of Civil Appeals of Texas. Amarillo.

Feb. 5, 1951.

Rehearing Denied March 12, 1951.

Crenshaw, Dupree & Milam and Mahon & Green, all of Lubbock, Whitaker, Turpin, Kerr, Smith & Brooks, Midland, Ben G. Smith, Thompson, Walker, Smith & Shannon and Tilley, Hyder & Law, all of Fort Worth, for appellants.

McWhorter, Howard, Cobb & Gibson, Lubbock, for appellees.

MARTIN, Justice.

Laura Lee Lindsey, appellee, sued Curtis B. Dall and twenty-four other defendants, appellants, in trespass to try title to recover an undivided one-half interest in the minerals in and under 480 acres of land situated in Hale and Lubbock Counties. A number of the appellants sought judgment over against E. Orcutt on his warranty of title as made in certain mineral deeds. Liability of Orcutt to the appellants is primarily predicated on Laura Lee Lindsey's prevailing in this case.

Laura Lee Lindsey and husband executed a first deed of trust on the 480 acres of land to secure a debt of $11,000 due the Empire Mortgage Company and also executed a second deed of trust on the same land to secure a debt for $1,655 due the Empire Mortgage Company. Laura Lee Lindsey's title to one-half the minerals is based wholly upon the invalidity of the trustee's sale as made under the second deed of trust.

As a basis of recovery in the trial court, the appellee stressed the non-compliance with two particular provisions of the deed of trust as follows:

First: That H. L. Hunter, substitute trustee, was not appointed in writing as required by the deed of trust. Under this point, two further issues were made: (a) That the sale was void because H. L. Hunter was disqualified to act as trustee in the deed of trust in that he was an officer and stockholder of the Empire Mortgage Company at the time he made a sale of the land and minerals to it. (b) Since there was no appointment in writing of the said H. L. Hunter as trustee, the curative provisions of Article 5523a, Vernon's Ann.R.C.S. had no application.

Second: That the deed of trust provided for a sale of the land at the Courthouse door in the town of Plainview, Hale County, Texas, and that the sale by the trustee in Lubbock County, Texas, as provided by Article 3810, R.C.S., was void.

The cause was tried before the court, without the intervention of a jury, upon the issues above stated. Judgment was rendered that Laura Lee Lindsey recover an undivided one-half interest in the minerals in and under said lands. Judgment for appellants over against E. Orcutt on his warranty of title was denied by the trial court. There is no serious controversy as to the facts but only as to the law applicable thereto.

The appellants perfected their appeal and by appropriate points joined issue with the appellee as to the proper application of the law to the facts under the issues as above made. The points outlined above will be discussed separately in the order shown. An opinion on these issues will effect a ruling on the points stressed in this appeal by both the appellants and the appellee.

The first contention, as to whether or not H. L. Hunter was appointed in writing as required by the deed of trust, is wholly a question as to the language used in the instrument of record. This instrument, as to the part here in issue, states: "That the Empire Mortgage Com-

pany, the legal owner and holder of the indebtedness described in said deed of trust has appointed H. L. Hunter, of Wichita County, Texas, as substitute trustee to act for and in the stead of said Wiley L. Robertson." .

The record shows that Wiley L. Robertson, trustee, by a written instrument, declined to act as trustee on March 8, 1932, and, on the same date the Empire Mortgage Company executed the above appointment of H. L. Hunter. Ruling solely on the expression "has appointed" as used in the instrument of appointment, the trial court followed the appellee's contention and held the appointment to be merely an "ex parte statement by the vice president about some instrument" and that same did not constitute an appointment of a substitute trustee. ·

"The interpretation of any instrument ought to be broad enough to allow it to operate fairly and justly under all the conditions to which it may apply." 12 Am.Jur. § 250, p 792. A·reasonable and plain construction of the language used in the instrument here in question is that the past tense was used merely to show the then completed act of appointment—that upon the corporation executing the instrument, the appointment was a then completed act as required by the deed of trust.

The written instrument of March 8, 1932, constitutes an appointment in writing of H. L. Hunter as substitute trustee to act for and in the stead of Wiley L. Robertson, trustee. This point is further concluded by a subsequent ruling upon the application of Article 5523a, R.C.S.

 Next to be considered is Section (a), under the first point above. Was the trustee's sale void in that H. L. Hunter was disqualified to act as trustee because he was an officer and stockholder of the Empire Mortgage Company at the time he made the sale of the land and minerals to the corporation? Although the parties did not contract in the deed of trust that the trustee could purchase at his own sale, it is observed that the Empire Mortgage Company was the beneficiary under the deed of trust, the holder of the indebtedness secured thereby and was likewise the

purchaser of the land and minerals at the sale under the deed of trust. These facts bring the cause within the rule stated by the Supreme Court in Southern Trust & Mortgage Co. v. Daniel, 143 Tex. 321, 184 S.W.2d 465, 467: "The rule is settled in this state that a mortgagee with power to sell may purchase at his own sale made at public auction, and that a deed of trust is in legal effect but a mortgage with power of sale. * * * Under that rule, if the petitioner were a beneficiary under the deed of trust, the sale to it could not be impeached." See also Heiner et ux. v. Homeland Realty Co., Tex.Civ.App., 100 S.W.2d 795; Kaiser v. Hutcheson, TexCiv.App., 112 S.W.2d 1058.

H. L. Hunter was not disqualified to act as trustee under the facts shown and the sale could not be impeached.

 The final proposition under the First point, Section (b), is whether or not Article 5523a, R.C.S. applies to the trustee's deed and bars any question being raised as to the authority of the trustee to sell the land and execute the deed or as to the verity of the facts therein recited in that appellee's suit was filed more than ten years after the recording of the trustee's deed. This article has not been passed upon or construed by the State Courts of Texas.

Article 5523a as applicable to this cause reads: "Any person who has a right of action for the recovery of land because of any one or more of the following defects in any instrument * * * where such instrument is executed by a trustee without record of Judicial or other ascertainment of the authority of such trustee or of the verity of the facts therein recited; * * * shall institute his suit therefor not later than 10 years next after the date when such instrument has been * * * actually recorded in the office of the county clerk of the county in which such real estate is situated and not afterwards". .

The statute does not fix the period of limitation by adverse possession or like elements but fixes it solely by requiring the suit for the recovery of the land to be instituted "not later than 10 years next

after the date when such instrument has been actually recorded in the office of the county clerk." In this cause, under the statute, "instrument" refers to the trustee's deed and not to the instrument appointing the trustee. The trustee's deed to the land was filed in Lubbock County, Texas, on April 20, 1932, and filed in Hale County, Texas, on March 3, 1936. Laura Lee Lindsey filed her suit on March 21, 1949.

A check of the trustee's deed shows that the same contains the usual allegations of a trustee's deed. It is executed by H. L. Hunter as trustee and recites that Wiley L. Robertson, named trustee in said deed of trust, declined to act and that the Empire Mortgage Company duly appointed in writing H. L. Hunter of Wichita County, Texas, as substitute trustee with the power to act for and in the stead of Wiley L. Robertson. The deed recites non-payment of indebtedness and request of the holder of the indebtedness that the land be sold, and further recites that the said trustee did sell the land and property to the Empire Mortgage Company. The trustee's deed contains the above recitals and if we are to give any effect to Article 5523a, R.C.S., the verity of these recitals cannot be put in question after 10 years have elapsed from the date of the recording of the trustee's deed.

No question has been raised as to the validity of Article 5523a or as to the facts here involved. The trustee's deed had been filed in Lubbock County, Texas, seventeen years and in Hale County, Texas, thirteen years prior to the date Laura Lee Lindsey filed her suit in Lubbock County, Texas. In this interval of time, at least twenty-five defendants had acquired an interest in the land and minerals. It appears evident that the intent of the legislature in passing Article 5523a was to quiet titles and uncertainties concerning land titles passing by and through a trustee's deed. This cause argues for the reason of the rule.

Appellee, not having brought her suit within the 10 year period next after the recording of the trustee's deed in Hale and Lubbock Counties, is now precluded by Article 5523a, R.C.S., from questioning the authority of the trustee or the verity of the facts recited in his deed.

Appellee's second point embodies the single proposition that since the deed of trust provided for a sale of the land and minerals at the courthouse door in the town of Plainview, Hale County, Texas, the sale by the trustee in Lubbock County, Texas, as provided by Article 3810, R.C.S.1925, was void. Appellants' first point asserts that the trustee was authorized by Article 3810, R.C.S. to sell the land and minerals in Lubbock County, Texas, in the absence of a request by the appellee that the land be sold as provided in the deed of trust, and that the sale in Lubbock County, Texas, by the trustee was valid.

The parties stipulated that seven acres of the land lay in Lubbock County, Texas, and 473 acres of the land lay in Hale County, Texas. There is no contention that notices were not posted in both counties as provided by statute. Under the statute, it is immaterial as to the particular division of acreage between the two counties provided a part of such real estate is situated in Hale County and a part in Lubbock County, Texas. There is no contention that Laura Lee Lindsey made any written application for the land to be sold as provided in the deed of trust. The question to be resolved is whether the specific place of sale as named in the deed of trust will control over the express provision of Article 3810, R.C.S. as follows: "Where such real estate is situated in more than one county then notices as herein provided shall be given in both or all of such counties, and the real estate may be sold in either county".

From a practical point of view, there is nothing to differentiate between the expression "at the courthouse door in the town of Plainview in Hale County, Texas" and "at the courthouse door of Hale County, Texas." It is common knowledge that the usual deed of trust contains a provision for sale of the land at the courthouse door of the county wherein the land lies. If this is not conceded, at least, it is difficult to conceive of a deed of trust being drawn without a recital therein that

in case of default the land would be sold at the courthouse door of the county wherein the land lies. It cannot be reasonably conceived that the legislative intent was that this clause as to place of sale as provided in Article 3810, R.C.S. would apply only to sales made under deeds of trust wherein no place of sale was specified. Such a construction would result in this article having no application to any deed of trust as a matter of actual practice.

The parties having stipulated that the land lay in both Hale and Lubbock counties, under the holdings of Wylie v. Hays, 114 Tex. 46, 263 S.W. 563 and Roedenbeck Farms, Inc., et al. v. Broussard et al., Tex.Civ.App., 124 S.W.2d 929 (second case), the provisions of Article 3810 as quoted above are read into the deed of trust and the trustee is authorized to make a sale of the land in either Hale County, Texas, or in Lubbock County, Texas. The sale made by the trustee in Lubbock County, Texas, was a valid sale under the provisions of the deed of trust in the light of Article 3810 R.C.S., and its application thereto.

The authority of the trustee to make the sale in Lubbock County, Texas, as provided by Article 3810, is further authorized under Lewis v. Dainwood, Tex.Civ.App., 130 S.W.2d 456, 457 (error refused). This cause holds: "Part of the land described in the deed of trust was located in Nueces County and part of it in Jim Wells County. The land was properly posted for sale in each county, but the sale was had in Nueces County. This was proper. Article 3810, R.C.S.1925, provides, among other things, as follows: 'Where such real estate is situated in more than one county then notices as herein provided shall be given in both or all of such counties, and the real estate may be sold in either county.'"

The trustee was authorized under the provisions of Article 3810, R.C.S.1925, to make a sale of the land and minerals in Lubbock County, Texas, and it was error to hold that such sale was void.

The rulings hereinabove shown effect an affirmance of the judgment of the trial court denying recovery by the appellants over and against E. Orcutt on his warranty and render unnecessary any further inquiry into that phase of the case.

The judgment of the trial court is reversed as to any and all recovery by appellee, Laura Lee Lindsey, and judgment is rendered for the appellants and for E. Orcutt, as against Laura Lee Lindsey. That part of the judgment of the trial court denying recovery of the appellants on their cross action over and against E. Orcutt is affirmed.