**Mamie ALLDAY et al., Appellants,**

**v.**

**Mattie DRUMMOND et al., Appellees.**

**No. 15623.**

Court of Civil Appeals of Texas.

Fort Worth.

May 27, 1955.

Rehearing Denied June 24, 1955.

Edward Stewart, Graham, Powell, Wirtz, Rauhut & McGinnis, William A. Brown, Austin, for appellant.

King & Willoughby, John A. Willoughby, Abilene, for appellee Mrs. Mattie Drummond.

Marshall, King & Jennings, Frank Jennings, Jr., Graham, for appellee Myrtle I. Ford.

Hudson, Keltner & Sarsgard, Luther Hudson, Fort Worth, amici curiae.

RENFRO, Justice.

Suit was brought in the District Court of Young County by Mattie Drummond as plaintiff in trespass to try title to and remove cloud from an undivided ¼ mineral interest in a certain described 130 acres of land. Myrtle I. Ford, individually and as executrix of the will of D. F. Ford, later intervened, asking for an additional undivided ¼ mineral interest in the same tract of land. Defendants were Mamie Allday, Robert Allday, Belle Allday, and Bess K. Allday. The defendant filed an answer, consisting of a general denial and plea of not guilty.

By stipulation it was agreed that J. R. and Fannie Dyer was the common source of title.

Plaintiffs, to establish their record title, introduced: (a) deed dated June 2, 1927, executed by Fannie and J. R. Dyer, conveying an undivided ½ interest in and to all oil, gas and other minerals in and under the 130-acre tract to Allday Oil Corporation; (b) deed dated October 7, 1930, executed by Allday Oil Corporation, conveying an undivided ½ interest in the minerals in the 130 acres to Tywame Royalty Company; (c) mineral deed dated January 12, 1937, executed by the Tywame Royalty Company to D. H. Allday, trustee, conveying all its undivided interest in and to all the oil, gas and other minerals in and under all lands in Young County, Texas, in which Tywame Royalty Company had an interest; (d) certificate of stockholders resolution dated January 12, 1937, authorizing all property of Tywame Royalty transferred to D. H. Allday, trustee, and authorizing him to dispose of the same at such time and in such manner as he might deem best; (e) mineral deed dated September 11, 1941, executed by D. H. Allday, trustee, conveying an undivided ¼ interest in the minerals in the 130-acre tract to Mrs. Mattie Drummond; (f) deed dated July 24, 1941, executed by D. H. Allday, trustee, conveying an undivided ¼ interest in the minerals in the 130-acre tract heretofore mentioned to D. F. Ford.

All of the above deeds were filed and recorded in Young County, Texas.

The defendants offered no record title but sought to defeat the plaintiff's and intervenor's title by introducing a certificate executed by the Secretary of State of the State of Delaware, certifying that the Tywame Royalty Company was no longer in existence and good standing under the laws of the State of Delaware, having become inoperative and void April 1, 1933, for non-payment of taxes. This certificate was not filed for record in Young County.

Judgment was entered for the plaintiff and intervenor.

The appellants have briefed six points of error, which contend the trial court erred in holding that the deed from Tywame Royalty Company to D. H. Allday, trustee, was valid and admissible because of the previous forfeiture of its charter more than three years before the date of the deed; in holding that Article 1322, R.C.S., Vernon's Ann. Civ.St. art. 1322, authorized Allday as president to convey corporate property when (1) the corporation had no capacity to convey, and (2) there was no such authority granted in the charter, by-laws or resolutions of the board of directors; in holding the purported resolution of stockholders was effective to authorize a deed from Tywame Royalty Company to D. H. Allday, trustee; in holding that Article 7425a conferred actual authority on Allday to convey; in holding the deed from Tywame Royalty Company to Allday, trustee, was rendered admissible by virtue of Article 3726b; in holding that the defendants in a trespass to try title suit are barred by the limitation statute 5523a from asserting defenses.

The basic question for this court is whether or not appellees proved good title in themselves.

Appellants have filed an able and comprehensive brief, arguing vigorously that the trial court erred in rendering judgment for the appellees. We have concluded that proper judgment was rendered by virtue of Article 5523a and for that reason forego a discussion of many of the arguments presented in appellants' brief.

Article 5523a is rather lengthy and will not be quoted in full. However, pertinent portions of said Article are as follows: "Any person who has the right of action for the recovery of land because of any one or more of the following defects in any instrument, * * * or because the record does not show authority therefor by the Board of Directors and Stockholders (or either of them) of a corporation; or where such instrument was executed and delivered by a corporation which had been dissolved or whose charter had expired, or whose corporate franchise had been canceled, withdrawn or forfeited; or where the executor, administrator, guardian, assignee, receiver, Master in Chancery, agent or trustee, or other agency making such instrument, signed or acknowledged the same individually instead of in his representative or official capacity; or where such instrument is executed by a trustee without record of Judicial or other ascertainment of the authority of such trustee or of the verity of the facts therein recited; * * * shall institute his suit therefor not later than 10 years next after the date when such instrument has been or hereafter may be actually recorded in the office of the County Clerk of the county in which such real estate is situated and not afterwards; * * *." The article further provides that it shall not apply to forged instruments and shall be subject to the provisions of Article 5518. Article 5518 applies to persons entitled to sue or make any defense for the recovery of real property.

While the transcript does not disclose the date of the filing of appellee Mrs. Drummond's original petition, her brief states that the original petition was filed in 1953. The third amended petition on which Mrs. Drummond went to trial was filed on July 20, 1954, and intervenor's original petition was filed April 24, 1954.

The deed under attack from Tywame Royalty Company to Allday, trustee, was filed for record in Young County on January 29, 1938. Thus, the Tywame deed was on file for at least fifteen years before the instant suit was filed. Appellants do not contend the Tywame Royalty deed was forged. We believe that Article 5523a renders the Tywame deed free from attack at this late date.

In Dall v. Lindsey, Tex.Civ.App., 237 S.W.2d 1006, 1009, the Amarillo Court in construing Article 5523a said: "It appears evident that the intent of the legislature in passing Article 5523a was to quiet titles and uncertainties concerning land titles passing by and through a trustee's deed. This cause argues for the reason of the rule.

"Appellee, not having brought her suit within the 10 year period next after the recording of the trustee's deed in Hale and Lubbock Counties, is now precluded by Article 5523a, R.C.S., from questioning the authority of the trustee or the verity of the facts recited in his deed."

In the instant suit the principal attack made is that Article 5523a does not apply to appellees' suit because the charter of Tywame Royalty Company had been dissolved under the Delaware law more than three years prior to the Tywame deed to Allday, trustee. The statute, however, states specifically that any one shall institute suit not later than ten years "where such instrument was executed and delivered by a corporation which had been dissolved or whose charter had expired, or whose corporate franchise had been canceled, withdrawn or forfeited". The reasoning on the situation confronting the court in the Dall v. Lindsey case applies equally to the situation confronting this court in the instant suit.

In Cone v. Parish, D.C., 32 F.Supp. 412, affirmed Scott v. Cohen, 5 Cir., 115 F.2d 704, writ of certiorari denied 312 U.S. 703, 61 S.Ct. 806, 85 L.Ed. 1136, it was held that

Article 5523a was intended to quiet doubts and uncertainties concerning land titles.

No question has been raised as to the validity of Article 5523a but only as to its application. The facts are undisputed. The appellees have a good record title and we believe they were entitled to assert their claims under the provisions of the aforesaid article.

 We are also of the opinion the court properly admitted the Tywame Royalty deed in evidence under Article 3726b. Said Article provides that every instrument of writing which is permitted or required by law to be recorded in the office of the clerk of the county court and which has been, or hereafter may be, so recorded, after being proved or acknowledged in the manner provided by the laws of this state in force at the time of its registration, or at the time it was proved or acknowledged, shall be admitted as evidence in any suit in the state without the necessity of proving its execution. The Article enumerates the defects mentioned in Article 5523a, adding, "and said instrument shall be given the same effect as if it were not so defective".

The deed from Tywame Royalty Company to Allday, trustee, was regular on its face and was acknowledged "in the manner provided by the laws of this state."

The appellee Drummond sought to remove as "clouds" two oil and gas leases executed by appellants, one being executed in 1951 and the other in 1952. Neither was executed until more than ten years after the date of the Tywame deed. Both appellees sought to remove as "clouds" three affidavits placed of record by appellants within ten years of the Tywame deed. None of the affiants asserted any interest adverse or inconsistent with the Tywame Royalty Company deed to Allday, trustee. They asserted claims to mineral interests in the name of Allday, individually or as trustee for others, or in the name of Tywame Royalty Company, or Allday Oil Corporation. They did not assert claims to mineral interests theretofore sold to others by the Allday Oil Corporation, the Tywame Roy-

alty Company or by Allday, individually or as 'ustee.

In our opinion, however, the Tywame deed, having been acknowledged in the manner provided by law, was admissible under Article 3726b even if the affidavits be construed to assert an adverse or inconsistent claim.

The record shows the chain of title to be regular and complete in appellees, each owning an undivided ¼ in the minerals. The appellants have never brought any action to set aside or void the Tywame Royalty deed. Under the provisions of the quoted article they clearly would have no right after the expiration of ten years to bring such an action. We agree with the Amarillo court that the intent of the Legislature is to quiet title to uncertainties concerning land titles. We believe the trial court correctly rendered judgment for appellees for the mineral interest involved herein.

The judgment of the trial court is affirmed.