Lon CAMPSEY, Appellant,

v.

JACK COUNTY OIL & GAS ASSOCIA-
TION, Appellee.

No. 16035.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 23, 1959.

Rehearing Denied Nov. 20, 1959.

Donald & Donald and J. M. Donald, Bowie, for appellant.

John W. Moore, Jacksboro, Stine & Stine and Vincent Stine, Henrietta, for appellee.

RENFRO, Justice.

On February 15, 1951, the Jack County Oil & Gas Association, "an unincorporated association commonly known as a joint stock company," brought a suit in trespass to try title against Lon Campsey. The suit was brought for the purpose of clearing title to an undivided one-half interest in an undivided two-thirds interest in all minerals in a described 197⅙ acre tract of land in Jack County. In an amended petition filed on January 3, 1955, the plaintiff alleged that the defendant was claiming the interest involved by virtue of a deed executed on March 30, 1936, by S. V. Stark to W. J. Cannon; that Cannon later conveyed to defendant. It was alleged that the deed from Stark to Cannon was void in that Stark, though purporting to act as trustee for plaintiff, was in fact not a trustee and had no authority from the Association or anyone else to execute such deed.

Judgment was entered for the plaintiff and defendant appealed.

■ By various points of error the defendant challenges the right of plaintiff to sue as a joint stock company. The articles of association as recorded, filed with the County Clerk of Jack County on June 2, 1919, do not show the signatures of the interested parties. The trial court specifically found, however, that "the Plaintiff, Jack County Oil & Gas Association, is an unincorporated joint stock association organized in 1919 and operating under certain articles of association which are called a 'Prospectus', and which was filed for record with the County Clerk of Jack County, Texas, in 1919 and was forthwith recorded and is of record in Vol. E16, page 2, of the Miscellaneous Deed Records, some-

times called the Miscellaneous Records and sometimes called the Deed Records of Jack County, Texas, and that said association has continued to operate under said 'Prospectus' ever since its creation in 1919. The Court further finds and decrees that the purposes of the Association as agreed upon by its members are set forth in said 'Prospectus' and that said 'Prospectus' provides for the representation in the Association of the Stockholders and the election of officers and the powers of the Stockholders and of the respective officers of said Association and that the business of said Association and matters relating to the conveyance of property are regulated by said 'Prospectus', and that at all times mentioned in Plaintiff's Petition and up to the present time said 'Prospectus' constituted the agreement of the stockholders and the arrangement under which the affairs of the Association were to be conducted." The finding is supported by the evidence.

Article 6133, Vernon's Ann.Civ.St., provides that any joint stock company or association doing business in this state may sue or be sued in any court of this state having jurisdiction of the subject matter in its company or distinguishing name, and it shall not be necessary to make the individual stockholders or members thereof parties to the suit. The court did not err, therefore, in overruling defendant's plea in abatement. The points of error pertaining thereto are overruled, as are the points complaining of the admission in evidence of the "Prospectus" or articles of association.

■ In point eight the defendant contends the plaintiff's claim was barred by the four year statute of limitation, Vernon's Ann.Civ.St. art. 5529. The judgment of the trial court recites: "The Court further finds and decrees that on or about the 30th day of March, 1936, a purported deed was executed by S. V. Stark purporting to act as trustee of the Jack County Oil and Gas Association, and which deed purported to

convey to W. J. Cannon all of the oil, gas and other minerals which said Association owned in the above described land, which deed is of record in Vol. E-48, Page 573, of the Miscellaneous Records of Jack County, Texas, and that the Defendant, Lon Campsey, is claiming under said deed. The Court finds, adjudges, and decrees that at the time of the execution of said deed the said S. V. Stark was not the Trustee of said Association and up to that time had never been such trustee, and that the said S. V. Stark was not instructed or directed by the Finance Committee to execute said deed, and that the execution of said deed was not authorized by the Board of Directors or the stockholders of said Association, but that the execution of said deed was wholly without authority and was executed without the knowledge of the officers and stockholders of said Association, and the Court finds and decrees that said deed was void, but that it constitutes a cloud upon the Plaintiff's title." This finding is amply supported by the record.

As a general rule a joint stock company or business trust may be bound by contract only by its governing body while acting within the actual powers as conferred by the declaration of trust, articles of association or by-laws, or by its duly constituted officers or agents while acting within their actual or apparent scope of authority. The individual members have no authority to bind the association. 25 Tex.Jur., p. 197 et seq. Since Stark was not a trustee, and had no authority from the association to sell, the deed to Cannon was invalid. Terry v. Cutler, 14 Tex.Civ. App. 520, 39 S.W. 152; Bowman v. Oakley, Tex.Civ.App., 212 S.W. 549. The deed being invalid and void, the plaintiff's cause of action was not barred by the four year statute of limitation. Aransas Pass Harbor Co. v. First National Bank, 28 Tex.Civ. App. 372, 67 S.W. 906; Wilson v. Armstrong, Tex.Civ.App., 236 S.W. 755; Slaughter v. Qualls, 139 Tex. 340, 162 S.W. 2d 671.

In other points defendant contends the court erred in rendering judgment for plaintiff because the consideration recited in the deed to Cannon was contractual. The defendant pleaded that Cannon had agreed to dismiss a prior lawsuit against the association if the association would execute a deed to him. The evidence did not support the pleading. To the contrary, the plaintiff offered evidence that no such agreement was ever made, the members of the association knew nothing of such agreement and did not know Stark executed the deed in question. In view of the record we are bound by the court's express and implied findings. Furthermore, if the Stark deed was invalid, and we have found that it was, the plaintiff is not bound by recitations therein.

The defendant contends that since he and his predecessors have been in peaceable and adverse possession of the land, using same for all adaptable purposes, openly and adversely, for more than ten years, the plaintiff is barred by the three, four, five and ten year statutes of limitation. Vernon's Ann.Civ.St. arts. 5507, 5529, 5509, 5510.

The mineral interest involved was severed long prior to the date of defendant's deed. The evidence does not show that any oil, gas or other minerals have ever been produced on the land, or that any wells have been drilled thereon. Under the record before us, we must apply the rule that where there has been a severance of the minerals the mere possession of the surface is not such possession of the minerals as to perfect limitation title. Such dominion must be exercised over the minerals as will constitute notice to the owner of the mineral estate that the possessor of the surface is claiming the minerals also. 2 Tex.Jur.2d, p. 123. The record is absent any evidence of such "dominion" by the defendant.

In overlapping points of error, the defendant contends the plaintiff's suit

was barred by Art. 5523a, particularly that portion which reads: "Any person who has the right of action for the recovery of land because of any one or more of the following defects in any instrument * * * where such instrument is executed by a trustee without record of Judicial or other ascertainment of the authority of such trustee or of the verity of the facts therein recited * * * shall institute his suit therefor not later than 10 years next after the date when such instrument has been or hereafter may be actually recorded in the office of the County Clerk of the county in which such real estate is situated * *." Defendant cites and relies on Allday v. Drummond, Tex.Civ.App., 280 S.W.2d 381, 383. The Allday case dealt with that part of Art. 5523a which reads: "or where such instrument was executed and delivered by a corporation which had been dissolved or whose charter had expired, or whose corporate franchise had been canceled, withdrawn or forfeited." If the instant suit were based on the ground that the Stark deed was executed without "record of Judicial or other ascertainment of the authority of such trustee or of the verity of the facts therein recited," then we would hold that plaintiff's suit is barred by Art. 5523a.

Plaintiff's suit, however, is in part to cancel the Stark deed as void because Stark was not a trustee and had no authority to act as such. It is not a situation where "an instrument was executed by a trustee" but a situation where an instrument was signed by a person who called himself a trustee, but in fact, according to the evidence and the court's judgment, was not a trustee. The intent of the Legislature in passing Art. 5523a was to quiet titles and uncertainties concerning land titles passing by and through a trustee's deed. Dall v. Lindsey, Tex.Civ.App., 237 S.W.2d 1006. The article was not meant to apply to titles where one not a trustee, and with no authority whatever, executed a deed calling himself a trustee.

Article 5523a, as shown by the emergency clause, 41st Leg., Acts 1929, Chap. 181, p. 394, was for the purpose of establishing a period of limitation in which suits may be brought for the recovery of lands on "technical defects".

Plaintiff alleged and proved that Stark was not a trustee, had no authority from any source to so call himself, and in fact had absolute want of authority to execute the deed. Such is not a "technical defect" as is barred by Art. 5523a.

 Plaintiff was not bound to search the records to ascertain if a subsequent void instrument affecting its title had been placed of record. 36 Tex.Jur., p. 482; Cox v. Clay, Tex.Civ.App., 237 S.W.2d 798; Barrera v. Ruiz, Tex.Civ.App., 308 S.W.2d 578.

Finding no reversible error, the judgment of the trial court is affirmed.