**Jerry COVINGTON, Appellant,**

v.

**Elbert A. PRIDDY, Ind. and as Executor of the Estate of Nettie Rolena Priddy, Deceased, et al., Appellees.**

No. 5613.

Court of Civil Appeals of Texas.

El Paso.

Dec. 4, 1963.

Rehearing Denied Jan. 15, 1964.

Frank C. Ashby, Garland Casebier, Midland, for appellant.

Hill D. Hudson, Pecos, Obel L. McAlister, Fort Worth, for appellees.

FRASER, Chief Justice.

This is a suit in trespass to try title, wherein Jerry Covington, appellant, sued Elbert A. Priddy and others (appellees), for title and possession of a certain tract of land located in Reeves County, Texas. The case was tried before the court without a jury. At the conclusion of the testimony, the trial judge rendered judgment for Elbert A. Priddy, et al., from which judgment Covington has duly perfected this appeal.

The appellant claims error on the part of the court in admitting in evidence the substitute trustee's deed from H. N. McKellar to J. N. Brooker, upon which appellees base their title.

Appellant introduced exhibits that he presents as a chain of title, beginning with some deeds back in 1911. It appears to be agreed in both briefs that this is a suit in trespass to try title, and the appellees-defendants introduced as their exhibit a deed of trust dated June 20, 1913, filed June 23, 1913, executed by Mrs. M. H. Scharf to J. N. Brooker. Defendants' Exhibit No. 2 is the above-mentioned trustee's deed executed by H. N. McKellar, as substitute trustee, dated October 6, 1914 and showing it was filed October 9, 1914, and is designated in the Statement of Facts as being the trustee's deed from H. N. McKellar, Sub. Tr. to J. N. Brooker. This trustee's deed recites that M. N. Scharf made default in the payment of the note secured by said deed of trust, and further that the holder thereof "has requested me as substitute Trustee as

aforesaid, to proceed to sell said premises as provided in said trust deed for the satisfaction of said indebtedness". This deed goes on to recite that in pursuance of the provisions of said deed of trust the said H. N. McKellar duly advertised the property for sale at public auction as required by said deed of trust, and that the same was sold in October of 1914 to the said J. N. Brooker. Then follows the recitation of the sale and description of the land. Defendants' Exhibit No. 3 is a deed from Brooker to George B. Priddy et ux. Appellees claim their title from and through this trustee's deed.

Appellees maintain that this case is covered by the provisions of Article 5523a, Revised Civil Statutes, which provides in effect as follows (as quoted from appellant's brief):

"Article 5523a, insofar as it affects the case at bar, states that: 'Any person who has the right of action for the recovery of land because of any one or more of the following defects in any instrument * * * where such instrument is executed by a trustee without record of Judicial or other ascertainment of the authority of such trustee or of the verity of the facts therein recited * * * shall institute his suit therefor not later than ten years next after the date when such instrument has been or hereafter may be actually recorded in the office of the County Clerk of the county in which such real estate is situated and not afterwards * * *' "

Both sides cite and discuss the case of Dall v. Lindsey (Civ.App.1951), 237 S.W.2d 1006 (Wr.Ref., N.R.E.). Appellees maintain that this statute was written and intended to be curative of titles depending on trustees' sales in deeds of trust, and it must be noted that the wording of the statute does so indicate. Appellant challenges the effect of the statute on the ground that in the Dall case the trustee's deed recited that the original trustee declined to act, and that the

holder of the deed of trust appointed in writing a substitute trustee. We do not believe that the statute impliedly or directly requires the two features present in the Dall case and not present in the case before us, as described above. It is true that in the controversy here the trustee's deed does not recite that the original trustee failed to act, or why, or that the substitute trustee was definitely appointed by any instrument in writing or otherwise. We do not believe that the omission of these two items is decisive. Going back to the statute itself, it says as follows: " * * * where such instrument is executed by a trustee without record of Judicial or other ascertainment of the authority of such trustee or of the *verity of the facts therein recited* * * *" (Emphasis ours), and then provides that action shall be taken within ten years if attack is to be made on a trustee's deed. It is not disputed, in the present case, that the trustee making the sale was not the original trustee in the deed of trust, but the trustee's deed executed by Mr. H. N. McKellar does recite as follows: "and the holder thereof, has requested me as substitute Trustee as aforesaid to proceed and sell said premises as provided in said trust deed for the satisfaction of said indebtedness."

We believe that the trustee's deed is sufficient to come under the provisions of Article 5523a, R.C.S., as the language in the statute seems to us sufficiently clear to dispose of the situation that confronted the trial court. Appellant further argues that the person—to-wit, Mr. McKellar—who sold the property could not have done so legally on the theory enunciated in the case of Campsey v. Jack County Oil & Gas Association, Tex.Civ.App., 328 S.W.2d 912 (Wr.Ref., N.R.E.), wherein the court stated, with reference to Article 5523a, R.C.S.:

"The article was not meant to apply to titles where one not a trustee, and with no authority whatever, executed a deed calling himself a trustee."

But it must be noted that in the above case the court pointed out that the suit was in

part to cancel the deed, and further that plaintiff was able to allege and prove that Stark was not a trustee and had no authority from any source to so call himself and, in fact, had absolute want of authority to execute the deed. We think this is a very significant distinction between the matter presented to the trial court here and the facts in the Campsey case. In the case before us there was no evidence or proof that the substitute trustee had or had not been appointed, other than his own recitation that he was a substitute trustee. So there was not affirmative proof that he was without authority, as in the Campsey case.

Appellees maintain that they have had the property some forty years or more, and it appears from the record that the trustee's deed was dated and filed in 1914, and this is the first definite judicial attack on same.

Therefore, under the circumstances, we believe that Article 5523a, R.C.S., is decisive of the matter before us, and the decision of the trial court is accordingly affirmed.