**T. B. BURROW et al., Petitioners,**

**v.**

**James W. McMAHAN et al., Respondents.**

No. A–10128.

Supreme Court of Texas.

Nov. 4, 1964.

Rehearing Denied Dec. 16, 1964.

Crenshaw, Dupree & Milam and R. K. Harty, Lubbock, for petitioners Burrow & Cotner.

J. G. Souris, Vernon, for petitioners Daisy Mae Thompson et al.

Cannon B. McMahan, Oklahoma City, Okl., Jenkens, Anson & Spradley, Dallas, Morriss, Morriss, Boatwright & Lewis, San Antonio, for respondents McMahan et al.

William P. Gibson, Dallas, Tex., for respondent Texaco Seaboard, Inc.

Tom R. Gordon, Abilene, for respondent J. D. Thompkins.

WALKER, Justice.

This action in trespass to try title was instituted by James W. McMahan et al., respondents, to recover certain severed mineral interests in Foard County. Judgment was rendered in favor of respondents after a trial to the court on an agreed statement of facts, and the Court of Civil Appeals affirmed. 376 S.W.2d 850. As the case reaches this Court, the rights of the parties turn upon whether the attack made by respondents on a substitute trustee's deed executed in 1937 is barred by Article 5523a, Vernon's Ann.Tex.Civ.Stat. We hold that the statute does not apply where, as here, the evidence shows affirmatively that the purported substitute trustee had no authority to sell the premises under the deed of trust.

On July 22, 1922, Ed Andress and wife, Josie Andress, who are the agreed common source of title, executed and delivered a deed of trust to M. H. Gossett, trustee, to secure the payment of a note for $2,000.00 to The Federal Land Bank of Houston. The note was payable in semi-annual installments, and the deed of trust provided for foreclosure in satisfaction of a defaulted installment without declaring the entire debt due. After the execution of the deed of trust but prior to the purported foreclosure discussed below, Ed Andress and Josie Andress and their successors in title conveyed the mineral interests in controversy to T. V. McMahan and W. L. Graham. The title thus acquired by T. V. McMahan and W. L. Graham is now held by respondents unless the same has been divested by the foreclosure sale.

Default was made in the payment of the installment due September 1, 1937, on the note to The Federal Land Bank of Houston. By instrument dated September 4, 1937, and reciting that M. H. Gossett, trustee, had died, the Bank appointed A. C. Williams substitute trustee and transferred the delinquent installment to Mrs. Dorothy Hofues. When requested by Mrs. Hofues to sell the land in satisfaction of the installment, A. C. Williams refused to make the sale. On October 6, 1937, Mrs. Hofues executed a written instrument appointing T. B. Burrow as substitute trustee in the

place of A. C. Williams. This appointment, which was subsequently filed for record in Foard County, recites that A. C. Williams had refused to execute the trust and that Mrs. Hofues was authorized by the deed of trust to appoint a substitute trustee. On December 7, 1937, T. B. Burrow conducted a foreclosure sale and executed a substitute trustee's deed to H. W. Cotner and wife, Bess Cotner, under whom petitioners claim. This deed was actually recorded in the office of the County Clerk of Foard County on February 8, 1938, and the present suit was instituted about 21 years later.

Deeds of trust containing substantially the same provisions as the instrument executed by Ed Andress and Mrs. Josie Andress to M. H. Gossett, trustee, have been considered by our courts on at least two previous occasions. In Hart v. McClusky, Tex.Civ.App., 118 S.W.2d 1077 (writ ref.), the substitute trustee appointed by the Bank designated an attorney in fact, who conducted a foreclosure sale in satisfaction of a defaulted installment. It was contended that the appointment of the substitute trustee was void because not made by the assignee of the installment, but the court concluded that the power to appoint a substitute trustee was vested in and restricted to the Bank or other holder of the principal indebtedness secured by the deed of trust. In Johnson v. Koenig, Tex.Civ.App., 353 S.W.2d 478 (writ ref. n. r. e.), it was held that the deed of trust did not authorize the appointment of a substitute trustee by an assignee of two defaulted installments. On the authority of these decisions, the Court of Civil Appeals held in the present case that Mrs. Hofues had no power to appoint a substitute trustee under the terms of the deed of trust. Petitioners do not question that conclusion here, and we accordingly accept it as sound for the purpose of this opinion. Their single point of error asserts that the intermediate court erred in refusing to hold that Article 5523a is a bar to the attack made by respondents on the substitute trustee's deed.

In so far as it is material here, Article 5523a provides that "[a]ny person who has the right of action for the recovery of land because of any one or more of the following defects in any instrument, * * * or where such instrument is executed by a trustee without record of Judicial or other ascertainment of the authority of such trustee or of the verity of the facts therein recited; * * * shall institute his suit therefor not later than 10 years next after the date when such instrument has been or hereafter may be actually recorded in the office of the County Clerk of the county in which such real estate is situated and not afterwards; * * *." Petitioners contend that this statute precludes any inquiry into the authority of a purported trustee or into the truth of the recitals in an instrument executed by him after the instrument has been on record for ten years.

In Covington v. Priddy, Tex.Civ.App., 373 S.W.2d 877 (writ ref. n. r. e.), the appellees claimed through a substitute trustee's deed executed by H. N. McKellar to J. N. Brooker, but there was no evidence that McKellar had or had not been appointed substitute trustee. His deed merely recited that the holder of the indebtedness secured by the deed of trust had requested him "as substitute trustee" to sell the premises. It was held that Article 5523a applied, and that the trial court did not err in admitting the deed in evidence. Petitioners also rely on Dall v. Lindsey, Tex. Civ.App., 237 S.W.2d 1006 (writ ref. n. r. e.), where the deed of trust required that a substitute trustee be appointed in writing. An instrument stating that "Empire Mortgage Company, the legal owner and holder of the indebtedness described in said deed of trust has appointed H. L. Hunter of Wichita County, Texas, as substitute trustee," was executed by such company. The appellee contended and the trial court concluded that this was merely an ex parte statement about some other document or event. The Court of Civil Appeals held that the instrument constituted an appointment in writing of H. L. Hunter as sub-

stitute trustee and that he was not disqualified to act in that capacity under the facts shown. It then went on to say by way of dictum that the appellee was precluded by Article 5523a from questioning the authority of the substitute trustee or the verity of the facts recited in his deed.

■ Respondents cite Campsey v. Jack County Oil & Gas Ass'n, Tex.Civ. App., 328 S.W.2d 912 (writ ref. n. r. e.), which involved a deed executed by S. V. Stark purporting to act as trustee for an unincorporated joint stock company. Suit was brought to cancel the deed, and the plaintiff established by evidence that Stark had no authority to act as trustee. In holding that the action was not barred by Article 5523a, the court said:

"\* \* \* If the instant suit were based on the ground that the Stark deed was executed without 'record of Judicial or other ascertainment of the authority of such trustee or of the verity of the facts therein recited,' then we would hold that plaintiff's suit is barred by Art. 5523a.

"Plaintiff's suit, however, is in part to cancel the Stark deed as void because Stark was not a trustee and had no authority to act as such. It is not a situation where 'an instrument was executed by a trustee' but a situation where an instrument was signed by a person who called himself a trustee, but in fact, according to the evidence and the court's judgment, was not a trustee. The intent of the Legislature in passing Art. 5523a was to quiet titles and uncertainties concerning land titles passing by and through a trustee's deed. Dall v. Lindsey, Tex.Civ.App., 237 S.W.2d 1006. The article was not meant to apply to titles where one not a trustee, and with no authority whatever, executed a deed calling himself a trustee.

"Article 5523a, as shown by the emergency clause, 41st Leg., Acts 1929,

Chap. 181, p. 394, was for the purpose of establishing a period of limitation in which suits may be brought for the recovery of lands on 'technical defects'

"Plaintiff alleged and proved that Stark was not a trustee, had no authority from any source to so call himself, and in fact had absolute want of authority to execute the deed. Such is not a 'technical defect' as is barred by Art. 5523a."

■ These conclusions are clearly sound, and in our opinion control the disposition of the present case. According to the recitals of the deed in question, T. B. Burrow was appointed substitute trustee "by instrument in writing." The record contains an instrument in writing executed by Mrs. Hofues about eight weeks before. She there recites the transfer of the delinquent installment to her, states that she was authorized by the deed of trust to appoint a substitute trustee, and purports to appoint T. B. Burrow as trustee in the place of A. C. Williams. According to the substitute trustee's deed, the land was sold for the purpose of paying the delinquent installment held by Mrs. Hofues. These circumstances establish, at least prima facie, that Burrow acted as substitute trustee under and by virtue of the appointment made by Mrs. Hofues. Since there is no evidence suggesting that he was ever appointed by The Federal Land Bank of Houston or other holder of the principal indebtedness secured by the deed of trust, it is our opinion that the record shows affirmatively and conclusively that Burrow was without authority to sell the premises under the terms of the deed of trust. We agree with the Court of Civil Appeals that Article 5523a has no application where the purported trustee's lack of authority is thus established by the evidence. Its judgment is accordingly affirmed.

GRIFFIN, J., dissenting.