Thomas Wayne PARSONS dba Wayne Motor Sales, Appellant,

v.

Annie Pearl WATLEY, Appellee.

No. 4600.

Court of Civil Appeals of Texas, Eastland.

Feb. 9, 1973.

W. Newton Barnes, Dallas, for appellant.

Gerald T. Waters, Carrollton, for appellee.

BROWN, Justice.

Annie Pearl Watley, surviving wife of Beal Watley, Jr., deceased, sued Thomas Wayne Parsons, d/b/a Wayne Motor Sales, for damages for breach of contract resulting from Parsons' failure to obtain credit life insurance on the life of Watley in connection with his purchase of an automobile from Parsons. The case was submitted to the court on stipulated facts. Judgment being rendered for Annie Watley with attorneys' fees, Parsons has appealed.

■ Parsons urges that the trial court in its findings of fact implied or inferred facts that go well beyond the stipulation. Further, he urges that in an agreed case the trial court and the reviewing court are limited to the agreed facts. We agree with Parsons' latter contention if the case at bar is an agreed case. Burrow v. McMahan, 376 S.W.2d 850 (Tex.Civ.App.—Amarillo 1964), affirmed 384 S.W.2d 124 (Tex.Sup.1964); Shoppers World, Inc. v. State, 373 S.W.2d 374 (Tex.Civ.App.—San Antonio 1963), affirmed 380 S.W.2d 107 (Tex.Sup.1964); W. T. Burton Company v. Keown Contracting Co., 353 S.W.2d 909 (Tex.Civ.App.—Beaumont 1961, writ ref'd. n. r. e.). The pertinent instrument reads:

"STIPULATION OF FACTS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Plaintiff and Defendant and files this Stipulation of Facts showing unto the Court that there is no real fact dispute herein and that the case should be submitted to the Court on a stipulation as follows:

I.

On or about June 26, 1970, Beal Watley, Jr. purchased a 1967 Pontiac automobile from the Defendant.

## II.

The document attached hereto marked Exhibit 'A' is a true copy of the note executed in connection with the said sale. The original document of which Exhibit 'A' is a copy was a form of the Defendant's, supplied by the Defendant.

## III.

The Defendant regularly made sales such as this, some of which were sold with credit life insurance and some of which were sold without credit life insurance.

## IV.

The signature appearing on the original of the said Exhibit 'A' that purports to be the signature of Beal Watley is his signature.

## V.

At the time Beal Watley signed the original of which Exhibit 'A' is a copy, the form was blank.

## VI.

The original document of which Exhibit 'A' is a copy, was later filled in and Mr. Watley was given a copy of same.

## VII.

No credit life insurance was issued on the life of Beal Watley, securing the loan in question.

## VIII.

Beal Watley died January 27, 1971.

## IX.

At the time of Beal Watley's death, the balance on the note of which Exhibit 'A' is a copy, was the sum of $1,477.99.

## X.

Beal Watley was survived by his wife, Annie Pearl Watley, who has handled all of his affairs and who is entitled to bring this action.

## XI.

The Plaintiff herein paid the Defendant the sum of $300.00 after her husband had died and before the auto in question was repossessed.

This Stipulation was agreed to by and between the Plaintiff and Defendant through their undersigned attorneys of record."

■ On examination, we note the instrument is not designated as an agreed statement of facts nor is any reference made to Rule 263, Texas Rules of Civ. Proc.; it does not purport to contain all the facts; it contains no certificate for the judge to certify and approve nor did the judge certify and approve the stipulation as required by Rule 263. We therefore hold that the stipulation before us does not constitute an agreed case under the provisions of Rule 263, T.R.C.P., but rather is an ordinary stipulation.

The Court in Perry v. Aetna Life Insurance Company of Conn., 380 S.W.2d 868 (Tex.Civ.App.—Tyler 1964, writ ref'd. n. r. e.), states:

"An agreed case and an ordinary stipulation differ from each other primarily in the findings that can be made outside of the facts contained in the agreed statement. Under an ordinary stipulation the court could make any findings and could indulge in any inference that would be supported by the evidence."

The question then becomes whether the trial court made findings or indulged in inferences not supported by the stipulation. Parsons contends that the following findings as expressed in the court's findings of facts and conclusions of law are error: "That included within the note form was an offer to procure credit life insurance for Beal Watley, Jr.; . . . That Beal Watley, Jr. accepted the Defendant's offer by signing at the appropriate provision;

That the Defendant thereby agreed to procure credit life insurance for Beal Watley, Jr.; . . . That there was sufficient consideration for the contract entered into between Beal Watley, Jr. and the Defendant."

We disagree with defendant and hold that such findings are consistent, inferable and do conform with the stipulation of facts.

■ We conclude that the trial court properly found Parsons agreed to procure credit life insurance on the life of Watley. Parsons failed to discharge this obligation. Therefore he is liable now to the plaintiff. Scott v. Conner, 403 S.W.2d 453 (Tex. Civ.App.—Beaumont 1966, no writ hist.); Gibbs v. Allstate Insurance Company, 386 S.W.2d 606 (Tex.Civ.App.—Fort Worth 1965, writ ref'd. n. r. e.); Burroughs v. Bunch, 210 S.W.2d 211 (Tex.Civ.App.—El Paso 1948, writ ref'd.).

Article 3.62, V.A.T.S., Insurance Code, provides that: ". . . where a loss occurs and the . . . company . . . liable therefor shall fail to pay the same within thirty days after demand therefor . . ." the company becomes liable for 12% of the loss together with reasonable attorneys' fees for the prosecution and collection of such loss.

The Supreme Court in International Security Life Insurance Company v. Spray, 468 S.W.2d 347 (1971), stated:

"The statute provides for recovery of reasonable attorney fees which the insured must pay to his attorney because of the necessity of pursuing legal action to collect the loss covered by the policy."

■ Plaintiff does not contend that a policy of credit life insurance was in fact issued, nor was there a "loss covered by the policy". Article 3.62, V.A.T.S., Insurance Code, has no application here, thus the trial court erred in awarding attorneys' fees.

Finding no merit in the other points of error, the judgment of the trial court is reformed by deleting the award of attorneys' fees and as reformed, is affirmed.