HART et ux. v. McCLUSKY.

No. 4914.

Court of Civil Appeals of Texas. Amarillo.
June 6, 1938.

Rehearing Denied June 27, 1938.

Griffin & Morehead, of Plainview, for appellants.

Williams & Day, of Plainview, for appellee.

STOKES, Justice.

This is a suit in trespass to try title filed by appellee, L. O. McClusky, as purchaser of the land involved at a trustee's sale made under a foreclosure of a deed of trust executed by appellant, Thos. J. Hart, to M. H. Gossett as trustee for the Federal Land Bank of Houston. The deed of trust was executed on the 20th of August, 1926, and M. H. Gossett, the original trustee, died May 13, 1934. The note secured by the deed of trust was payable on the amortiza-

tion plan under which the accrued interest and a portion of the principal was payable semi-annually, and appellant being delinquent in a number of the installments, the Plainview National Farm Loan Association, in January, 1936, paid to the Federal Land Bank the amount of principal and interest in arrears amounting to the sum of $762.77. On the 25th of February following, the Federal Land Bank, by written instrument, assigned to the Plainview National Farm Loan Association the installments paid by it, together with all of the rights, title and interest owned or held by the Bank by virtue of the delinquent installments and the deed of trust in so far as it secured the installments sol transferred, subject, however, to conditions specified in the assignment to the effect that it was made without recourse; that the rights so assigned were second and inferior to the lien of the Bank to secure the balance of the indebtedness; that any foreclosure of the installments should not affect the rights of the Bank as they existed before the assignment was executed; that the rights and lien of the Bank should remain superior to the installments so assigned, and that any release executed by the assignee of the assigned installments should not in any manner affect the lien held by the Bank for the balance of the indebtedness. The assignment further provides that A. C. Williams is appointed substitute trustee to succeed to all of the estate, rights, powers and duties of M. H. Gossett, deceased, the trustee named in the deed of trust, which was given to secure the original indebtedness of $5000.

On the 17th of February, 1936, which was eight days prior to the appointment by the Bank of A. C. Williams as substitute trustee, the directors of the Plainview National Farm Loan Association passed a resolution in which the delinquent installments theretofore paid by the Association were mentioned and it was resolved that the Federal Land Bank be requested to assign to the Association the lien securing the installments which had been paid by it, together with the deed of trust lien securing them, and to prepare and forward papers necessary to have the land sold under the deed of trust. The resolution further resolved that A. C. Williams, as substitute trustee for M. H. Gossett, deceased, be requested and directed to advertise and sell the land described in the deed of trust in satisfaction of the debt due the Association

and evidenced by the assignment requested of the Federal Land Bank, subject, however, to the unpaid balance due on the original note. It seems that after this resolution was passed and Williams was appointed substitute trustee, appellant made some arrangement with the Association by which the past due installments were extended until after wheat harvest, with the understanding that he would pay $200 in April and a like amount in May and July, and it was agreed the sale would be postponed pending compliance by appellant with this agreement. He paid the April payment and, no other payment being made, the Federal Land Bank, on October 13, 1936, was requested to issue foreclosure papers to foreclose on the first Tuesday in December. This request was addressed to the Federal Land Bank of Houston and to A. C. Williams, substitute trustee, and regularly deposited in the mails, to which the secretary-treasurer of the Association testified he received a response. At any rate, on the 4th of November, 1936, Williams as substitute trustee executed and delivered to H. V. Tull a power of attorney, by which Tull was appointed attorney-in-fact for the substitute trustee, with power to post notices and sell the land on December 1, 1936, on behalf of the trustee, as provided by the deed of trust. The sale was made on that day, being the first Tuesday in December, 1936, and the Plainview National Farm Loan Association, being the highest and best bidder, was declared the purchaser. On December 21, 1936, under proper resolution of its board of directors, the Association conveyed the land to appellee.

The case was tried before a jury and upon conclusion of the testimony the trial judge instructed the jury to return a verdict for the plaintiff, L. O. McClusky, and upon a return of such verdict by the jury, judgment was entered in favor of appellee, from which appellant has prosecuted this appeal.

Appellant assails the judgment of the court and his action in giving to the jury the peremptory instruction, upon several grounds, the first of which is that it having been shown by the evidence the Plainview National Farm Loan Association was the owner and holder of that part of the indebtedness for which the foreclosure sale was had and the deed of trust providing that the substitute trustee should be appointed by the owner and holder of the indebtedness, such appointment could be

made only by the holder of that portion of the indebtedness for which the foreclosure was had and the appointment in this case having been made by the Federal Land Bank and not by the Plainview National Farm Loan Association, the appointment was void, the sale ineffectual and the court erred in giving to the jury a peremptory instruction in favor of appellee.

We think this contention is answered by the provisions of the deed of trust. It contains the provision that if the original trustee shall die or shall remove from the state or shall be disqualified from executing the trust, or shall fail or refuse to execute the same when requested by the "owner or holder of said debt" so to do, said owner or holder shall have full power to appoint, by written instrument, duly recorded, a substitute trustee and, if necessary, several substitute trustees in succession, who shall succeed to all of the estates, rights, powers and duties of M. H. Gossett. It was agreed that M. H. Gossett died on May 13, 1934. His death matured the right of the owner and holder of the debt secured by the deed of trust to appoint a substitute trustee. Such appointment was not contingent upon a failure by the debtor to pay the debt or any portion thereof as it became due, nor upon any other condition which would make it necessary for a trustee to perform any duty enjoined upon him in the deed of trust. According to the provision of the deed of trust, the power to appoint a substitute trustee accrued immediately upon the death of the original trustee and when the original trustee died the holder of the debt secured by the deed of trust immediately acquired the right to appoint a substitute, regardless of whether any portion of the debt was then past due or not, and regardless of whether or not any other contingency had materialized which made it necessary to have a trustee. It is plain, therefore, that, upon the death of the trustee named in the deed of trust, the bank had the right and power to appoint a substitute.

■ It may be further said in this connection, however, that the deed of trust contains two paragraphs dealing with the right and power of the trustee to make sale of the property. The first of these makes provision for the trustee to advertise and sell the property upon request of the Federal Land Bank or its assigns upon default of the payment of the entire debt, and the second makes provision for a sale of the land by the trustee upon default in the payment of any of the semi-annual installments at the request of the Federal Land Bank or its assigns. This latter provision is the one under which the trustee acted in this case and is the only provision in the deed of trust under which he could have sold the land upon default of any of the installments short of the entire debt. It provides: "That an assignee holding any installment or installments of the note hereby secured shall have the same powers as are hereby conferred upon the Federal Land Bank of Houston to request the trustee named herein or his successors as herein provided for, to sell the property herein conveyed."

It will be observed from the quoted provision that an assignee of any installment or installments of the note, upon default in their payment, has the right to call upon the trustee named in the deed of trust or his successors "as herein provided for" to make the sale. There is no provision under which an assignee of a portion only of the indebtedness is authorized to appoint a trustee or substitute trustee. He is confined to the trustee or substitute named in the deed of trust or appointed under its provisions by the Federal Land Bank. That procedure was followed in this case.

■ Under the law, the power to appoint a trustee or a substitute trustee to make sale of one's property, is not inherent in the creditor. Such authority is derived solely from the deed of trust and its provisions must be strictly followed. If the grantor had been willing to entrust such power of appointment to any assignee who may become the owner of any portion of the indebtedness secured by the deed of trust, it would have been so provided in the deed of trust; but since that power was restricted and confined to the Federal Land Bank, it cannot be enlarged by judicial fiat. These assignments are overruled. Michael v. Crawford, 108 Tex. 352, 193 S.W. 1070; Taylor v. San Antonio Joint Stock Land Bank, Tex.Civ.App., 101 S.W.2d 868; Holcomb v. Nettleton, Tex.Civ.App., 35 S.W. 2d 745; Rhoton v. Texas Land & Mortgage Co., Tex.Civ.App., 80 S.W.2d 763.

The next contention made by appellant is that since the evidence showed only one request upon the substitute trustee by the Plainview National Farm Loan Association to make the sale and that request was made prior to the appointment of the substitute

trustee, and the sale thus requested was postponed and not made until December 4, 1936, the sale was void and the trial court erred in giving to the jury a peremptory instruction to find for appellee.

■ The deed of trust provides that in case of any sale made thereunder, all prerequisites thereto shall be presumed to have been performed and, further, that all statements contained in any conveyance executed by the trustee and all recitals contained therein with reference to the non-payment of the money secured or as to the request to the trustee to enforce the trust or the due and proper appointment of any substitute trustee or the advertisement of the sale, or time, place and terms of the sale, or as to any other preliminary act or thing, shall be taken in all the courts as prima facie evidence that the facts so stated or recited are true. Inasmuch as the trustee's deed contained recitals of all these things, in the absence of fraud, we think they would cover any minor irregularity in the matter of transmitting to the substitute trustee a request to make the sale. The record shows, however, that on February 17, 1936, the directors of the Association passed a resolution requesting A. C. Williams as substitute trustee to advertise and sell the land in satisfaction of the debt held by it. This resolution was transmitted to the Federal Land Bank and to A. C. Williams. The latter was appointed substitute trustee by the Federal Land Bank eight days after the resolution was passed and the record warrants the conclusion that at the time of his appointment, and afterwards, Williams was in possession of the request to make the sale. We know of no rule of law to the effect that such request is void or ineffective merely because it is made to the trustee prior to his appointment. It is evident that, when the directors of the Association passed the resolution, they knew Williams would be appointed substitute trustee. He responded to the request immediately after his appointment and for these reasons we think this assignment is without merit. However, the record shows further that on October 13, 1936, the board of directors of the Association had a meeting and passed another resolution which provided that appellant, T. J. Hart, was present and stated he was unable to raise the $400 which he had agreed to pay when the sale was postponed and the directors voted unanimously to ask the Federal Land Bank to issue foreclosure papers to foreclose on the first Tuesday in December, being December 1, 1936. The secretary-treasurer of the Association, H. V. Tull, testified that he communicated the substance of this resolution to A. C. Williams, the substitute trustee, and to the Federal Land Bank by placing it in an envelope addressed to the Federal Land Bank of Houston. He said he received a response to it from A. C. Williams and that such response was in the handwriting of A. C. Williams, the substitute trustee, and was in the form of a power of attorney in which Tull was made attorney-in-fact to act for Williams in advertising and conducting the sale. Appellant questions the sufficiency of this resolution to constitute a request to make the sale. The deed of trust does not specify any particular form in which such request shall be made and we think, even if the request of February 17, 1936, was not sufficient to authorize the trustee to make the sale in December, this latter resolution was sufficient to communicate to Williams the desire of the directors of the Association that the sale be made. It was evidently so considered by the substitute trustee and he acted upon it by immediately executing and delivering to Tull a power of attorney to act for him in all matters pertaining to the sale. We, therefore, do not agree with appellant in his contention under these assignments, and they are overruled.

■ The next contention presented by appellant is that the deed of trust contains no provision which authorizes the trustee to appoint an agent or attorney-in-fact to make a sale under the deed of trust on account of the delinquency of a part only of the debt. This contention is based upon the provisions contained in the second sales clause of the deed of trust wherein the sale is authorized to be made by the Federal Land Bank or its assigns upon default of one or more of the semi-annual installments. In this paragraph it is provided that if default be made in the payment of any of the semi-annual installments, "the Federal Land Bank of Houston or its assigns shall have and is given the right to sell the property herein conveyed * * *." Appellant contends that in this, the only paragraph or provision found in the deed of trust granting power of sale in the event of default in one or more of the installments less than the whole debt, the power of sale is confined to the Federal Land Bank or its assigns and does not give such power to a

trustee nor authorize a trustee to appoint an attorney-in-fact. Authority of the trustee to appoint an attorney-in-fact is given in other portions of the deed of trust and, while it is true that the first portion of the paragraph here in question indicates that the sale, if made for a portion only of the debt, must be made by the Federal Land Bank itself or other holder of that portion of the debt which is in default, in its latter portion it is provided that "It is agreed that an assignee holding any installment or installments of the note hereby secured, shall have the same powers as are hereby conferred on the Federal Land Bank of Houston to request the trustee named herein, or his successor as herein provided for, to sell the property herein conveyed." In view of the quoted provision of the paragraph, it is obvious that the provisions in the first portion relating to the power of the Federal Land Bank or its assigns to make the sale refer to and mean such powers as the Federal Land ,Bank has through other provisions of the deed of trust to request the trustee to make the sale and perform such other things as may be necessary to have the land sold by the trustee for the purpose of discharging the debt or any portion of it that may be in default. We think this contention of appellant is without merit and it is overruled.

■■ Appellant asserts under other assignments of error that H. V. Tull, being secretary-treasurer of the Plainview National Farm Loan Association, was interested in the subject matter of the sale to the extent that he was not qualified to make the sale as attorney-in-fact; and his action in that regard being void, the sale was ineffective. We know of no rule of law which forbids the attorney-in-fact of a trustee in a deed of trust acting as such merely on account of a personal interest in the subject matter. On the other hand, it has been held by the courts of this state since an early day that interest in the subject matter does not disqualify a trustee from acting as such and performing all the duties devolving upon him under the terms of the instrument. Heiner v. Homeland Realty Co., Tex.Civ.App., 100 S.W. 2d 793, and authorities there cited.

If a personal interest in the subject matter does not disqualify a trustee from discharging the duties of such office, we see no reason why his attorney-in-fact should be so disqualified.

The last contention made by appellant is that the testimony showed the directors had agreed to accept $400 in satisfaction of the delinquencies and to postpone the foreclosure upon payment of that amount by appellant and that appellant testified that he offered the $400 to H. V. Tull, the secretary-treasurer of the Association, who declined to accept it unless the delinquent taxes were also paid, and that this made an issue upon the question of tender of the amount provided by the compromise which should have been submitted to the jury.

■ The only compromise shown by the record is that which was evidenced by the resolution of the board of directors of the Association passed April 4, 1936. It provided that the sale which was then pending, notices of which had been posted, would be postponed until after wheat harvest upon the condition that appellant should pay $200 on April 4th, $200, May 15th, $200, July 1st, and the balance of the delinquencies out of his wheat harvest. It is not claimed by appellant that these payments were made as provided by the resolution and his agreement with the directors of the Association. Furthermore, the evidence fails to show he made such tender. The most that can be said of it is that he indicated to the secretary-treasurer he would be able to pay the $400. It falls entirely short of a tender and was not of such force as to raise the question. This assignment is, therefore, without merit.

We have carefully considered all of the assignments of error presented by appellant, and there is, in our opinion, no error disclosed by any of them. The judgment of the trial court is, therefore, affirmed.