T. B. BURROW et al., Appellants,

v.

James W. McMAHAN et al., Appellees.

No. 7323.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 17, 1964.

Rehearing Denied March 16, 1964.

Crenshaw, Dupree & Milam, Lubbock, J. G. Souris, Vernon, Tom Gordon, Abilene, William P. Gibson, Dallas, for appellants.

Cannon B. McMahan, Oklahoma City, Okl., Jenkens, Anson, Spradley & Gilchrist, Dallas, Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellees.

CHAPMAN, Justice.

The subject matter of this suit concerns the validity of a deed of trust foreclosure by sale on December 7, 1937, by a purported substitute trustee of a portion of an original indebtedness in the amount of $2,000 due the Federal Land Bank in Houston. The delinquent portion assigned by the named lending agency was a semi-annual interest and amortization installment in the amount of $38.34 reduced from $65 because of the legal reduction in interest rate, together with interest thereon from the maturity thereof.

The case was submitted to the trial court upon an agreed statement of facts in accordance with Rule 263 Vernon's Ann.Tex. Rules.

Suit was filed by James W. McMahan and others in trespass to try title against T. B. Burrow and others to recover certain mineral interests which had been severed from the fee title after a deed of trust had been previously given securing the $2,000 indebtedness above stated. The trial court rendered judgment for James W. McMahan and others for all mineral interests sued for.

On July 22, 1922, Ed Andress et ux., the agreed common source of title, executed and delivered a deed of trust to M. H. Gossett, trustee, securing the payment of a note for $2,000 payable to the Federal Land Bank of Houston. By regular chain of title appellees are owners of mineral interests described in the stipulation agreement, including the interest claimed by appellants by virtue of the foreclosure by the purported trustee, T. B. Burrow [if the trial court's judgment was proper]. All conveyances of all such mineral interests to the appellees are prior in time to the purported substitute trustee's deed of December 7, 1937.

The obligors upon the original indebtedness of $2,000 to the Federal Land Bank became delinquent on the installment above described and such installment was sold and transferred by the Land Bank to Dorothy Hofeus. On September 4, 1937, as the holder of such delinquent installment interests, she executed a purported appointment of T. B. Burrow as substitute trustee. The Land Bank did not assign the entire note and lien to Mrs. Hofeus but only the described delinquent installment.

From the record made here no foreclosure or attempted foreclosure was ever had by the Land Bank, nor by any trustee acting for them; nor have they recognized the attempted foreclosure by Mr. Burrow, because no such action or recognition is included in the agreed statement of facts by which we are bound. White v. State, Tex. Civ.App., 329 S.W.2d 446 (N.R.E.); Cousins v. Cousins, Tex.Civ.App., 42 S.W.2d 1043 (writ refused); Hutcherson v. Sovereign Camp, W.O.W., 112 Tex. 551, 251 S.W.

491. Our Supreme Court in the last cited case said:

"The courts are without power, in the absence of a provision in the agreed statement providing otherwise, to draw any inference, or find any facts, not embraced in the agreement, unless, as a matter of law, such other inferences are necessarily compelled; and the judgment of the court must only declare the law which necessarily arises from the facts agreed upon."

We do not believe any inferences are necessarily compelled as a matter of law in this record.

In Hart v. McClusky, 118 S.W.2d 1077 (writ refused) this court had the same type federal land bank deed of trust involved where a Plainview loan association became the assignee of delinquent installments paid by them to the Federal Land Bank for the obligor. The Plainview loan association requested the Land Bank to request the substitute trustee, Mr. Williams, to foreclose their delinquent installments. Mr. Williams, substitute trustee appointed by the bank, by power of attorney appointed H. V. Tull as attorney in fact to execute foreclosure sale. The sale was made and the Plainview loan association, being the highest bidder, purchased the property and then conveyed it to McClusky. He brought a suit in trespass to try title against Hart et ux., who had executed the lien originally to the Land Bank.

The court instructed a verdict for McClusky. On appeal to this court Hart contended that since the Plainview loan association was the owner and holder of the delinquent installment, it was the only proper party to appoint a substitute trustee to affect the sale. Our court after quoting from the deed of trust as follows: "That an assignee holding any installment or installments of the note hereby secured *shall have the same powers as are hereby conferred upon the Federal Land Bank of Houston to request the trustee named herein or his successors as herein provided for,* *to sell the property herein conveyed.",* then held:

"It will be observed from the quoted provision that an assignee of any installment or installments of the note, upon default in their payment, has the right to call upon the trustee named in the deed of trust or his successors 'as herein provided for' to make the sale. *There is no provision under which an assignee of a portion only of the indebtedness is authorized to appoint a trustee or substitute trustee. He is confined to the trustee or substitute named in the deed of trust or appointed under its provisions by the Federal Land Bank.* \* \* \*

"Under the law, *the power to appoint a trustee or a substitute trustee to make sale of one's property, is not inherent in the creditor. Such authority is derived solely from the deed of trust and its provisions must be strictly followed.* If the grantor had been willing to entrust such power of appointment to any assignee who may become the owner of any portion of the indebtedness secured by the deed of trust, it would have been so provided in the deed of trust; but since that power was restricted and confined to the Federal Land Bank, it cannot be enlarged by judicial fiat." (All emphases herein are ours).

■ That pronouncement of law was approved by our Supreme Court in a "writ refused" disposition, thus holding that the assignee of a portion only of the indebtedness is confined to the trustee or substitute trustee named in the deed of trust or appointed under its provisions by the Federal Land Bank. Therefore, T. B. Burrow did not come within that holding such as to permit him to act as substitute trustee and his attempt to so act was wholly void and of no effect.

In Johnson v. Koenig, 353 S.W.2d 478 (N.R.E.) where appellants' asserted title

was based solely upon a deed executed by a substitute trustee, David M. Stiles, appointed by the holder of past due installments constituting only a portion of the indebtedness, just exactly as in the instant case, the Austin Court of Civil Appeals held:

"Under the rule announced in Hart v. McClusky, supra, the appointment of David M. Stiles was void and as a result any proceedings by the substitute trustee under the provisions of the deed of trust were void."

Appellants pleaded Article 5523a Vernon's Ann.Tex.Civ.St. in bar and urges it as such in this court, contending: "The substitute trustee deed in question recites that the substitute trustee was duly appointed, and that such appointment was on account of the death of M. H. Gossett, trustee, and the refusal to act of A. C. Williams, substitute trustee, and that it was made 'thereupon and thereafter.'"

It is without question in the record that the attempted appointment of Mr. Burrow as a trustee was not by the trustee named in the deed of trust or successors, nor one appointed by the Land Bank under the provisions of the deed of trust. Therefore, under the record here made we believe the authorities have foreclosed appellants' contention against them.

The Fort Worth Court of Civil Appeals has recently held that Article 5523a was not meant to apply to titles where one with no authority whatever executed a deed calling himself a trustee, but was for the purpose of establishing a period of limitation in which suits may be brought for the recovery of lands on "technical defects." Campsey v. Jack County Oil & Gas Association, Tex.Civ.App., 328 S.W.2d 912 (N.R.E.). Since Mr. Burrow had absolute want of authority to execute the trustee's deed it did not constitute a "technical de-

fect" such as is barred by Article 5523a. Campsey v. Jack County Oil & Gas Association, supra.

Our Supreme Court has said: "A trustee has no power to sell the debtor's property, except such as may be found in the deed of trust; and the powers therein conferred must be strictly followed.", Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671, and: "It cannot be laid down as a general proposition that whenever a conveyance is regular on its face it operates to pass title between the parties at the time of its execution." Slaughter v. Qualls, supra.

In Smith v. Allbright, 279 S.W. 852, reversed on other grounds, the Austin Court of Civil Appeals held that even though legal presumptions exist in favor of judicial sales " * * * it is well settled that no such presumption prevails as to trustee's sales under powers granted by deeds of trust; the reason for the rule being that the exercise of such powers is a harsh remedy, and that it can only be exercised by strictly complying with the terms and conditions imposed upon the power of sale by the maker of the trust instrument."

■ An owner of interests in real property is not bound to search the records to ascertain if subsequent void instruments affecting his title has been placed of record. Campsey v. Jack County Oil & Gas Association, supra.

We do not believe that Dall v. Lindsey, Tex.Civ.App., 237 S.W.2d 1006, relied on by appellants, is in point in our case. Our court in that case held an officer and stockholder of the mortgage company was not disqualified to act as trustee by virtue of being an officer and stockholder, one of the defects raised, and since part of the land was located in Lubbock County foreclosure could be had in that county under Article 3810 V.T.C.S.[1] Thus, the defects raised in

---

1. The deed of trust provided for sale of the land in Plainview, Hale County, but Article 3810 provides the real estate may be sold in either county, where the

land is situated in more than one county and notices are given in both or all of such counties.

the trustee sale were strictly "technical defects," and Article 5523a was applicable. These are entirely different situations to the instant case, where one who was not a trustee and was completely without authority to act as such called himself a trustee and attempted to act as one in the foreclosure.

Accordingly the judgment of the trial court is in all things affirmed.