**Charles Douglas SHAMBURGER, et al., Appellant.**

v.

**CONOCO, INC., Appellee.**

No. 07–98–0346–CV.

Court of Appeals of Texas, Amarillo.

July 16, 1999.

Rehearing Overruled Oct. 7, 1999.

subject minerals in Foard County. By this appeal, we must determine the validity of the appointment of a substitute trustee and the validity of the substitute trustee's deed upon foreclosure. Based upon the rationale and authorities expressed herein, we reverse that part of the judgment declaring (1) Conoco, Inc. to be the owner of an undivided one-half of the subject mineral interest; (2) the appointment of the substitute trustee and the deed of the substitute trustee to be wholly void and of no effect; and (3) that title in and to the minerals be quieted in Conoco, Inc. In all other respects, we affirm.

On January 9, 1923, J.W. McCaskill and his wife, Clara McCaskill, who were the undisputed common source of title, executed and delivered a deed of trust to M.H. Gossett, trustee, covering the subject minerals and surface estate, to secure the payment of a note in the amount of $2,000.00, payable to The Federal Land Bank of Houston.[2] The note was payable in semi-annual installments. The deed of trust provided that upon default in the payment of any installment when due, that (i) at the option of the Bank or the legal or equitable owner or holder of the note, the payment of the entire balance owing could be accelerated and private foreclosure proceedings commenced, or (ii) the Bank or its **assigns** could proceed to institute private foreclosure in satisfaction of the installment payments then in default without declaring the entire debt due.[3] After the

David F. Gossom, Morrison & Shelton, Lonny D. Morrison, Wichita Falls, for appellant.

Stubbeman McRae Sealy Laughlin & Browder, Inc., Rodney W. Satterwhite, W.B. Browder, Jr., Pat Long Weaver, Midland, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

REAVIS, Justice.

By this appeal, appellants Charles Douglas Shamburger, *et al.*[1] challenge a declaratory judgment following a bench trial determining and declaring Conoco, Inc. to be the owner of an undivided one-half of the

---

1. Appellants are Charles Douglas Shamburger, Individually and as Independent Co-Executor of the Estate of Mary Boren Shamburger, deceased, Ella Susan Shamburger Bagwell, Individually and as Independent Co-Executor of the Estate of Mary Boren Shamburger, deceased, and Charles Richard Kramlich, Trustee of the Lynne Shamburger Kramlich Trust, and David F. Gossom, Independent Executor of the Estate of Dorothy Shamburger Langford, deceased, and E.B. Clark, Jr. and Joseph N. Sherrill, Jr., Trustees of the Gracye D. Clark Trust.

2. When used herein, the term Bank shall refer to The Federal Land Bank of Houston.

3. It is agreed that if default be made in the payment of any of the semi-annual installments of the note secured by this deed of trust, THE FEDERAL LAND BANK OF HOUSTON, or its **assigns** shall have and is hereby given, the right to sell the property herein conveyed, in satisfaction of such defaulted payment, without declaring the whole debt due, such sale to be made upon the same terms and conditions, as to manner of advertisement, time and place of sale, etc., as is provided for in the event said Bank exercises its option and declares the whole note due, save and except that where the sale is made because of the default of one or more of the semi-annual payments such sale shall be

execution of the deed of trust, but before the private foreclosure proceedings discussed below, J.W. McCaskill and Clara McCaskill conveyed the mineral interest in controversy to Conoco, Inc.'s predecessor in title by two instruments both dated February 25, 1927, and such mineral interest is now held by Conoco, Inc. unless the same has been divested by the private foreclosure proceedings discussed below.

After the McCaskills failed to pay the installments due September 1, 1932 and March 1, 1933, by instrument dated January 12, 1934, the Bank assigned the balance due and owing on the two installments to Shamburger Lumber Co. (Lumber Co.). Among other provisions, the instrument entitled "Transfer of Lien" provided that (1) it was made without recourse; (2) the installments were transferred to remain second and inferior to the lien of the Bank; (3) any foreclosure on the installments shall not affect the rights of the Bank; (4) the lien of the Bank shall remain a first and superior lien; (5) any release executed by the assignee shall not affect the Bank's lien or rights; (6) assignee accepted the assignment subject to the conditions. Following these conditions, the assignment then provided:

> Subject to the above conditions said Bank does hereby bargain, sell, convey and assign unto the said [assignee] all of the right, title and interest owned or held by it in said land by virtue of the installments herein conveyed and assigned and by virtue of the deed of trust securing the payment thereof, in so far as said deed of trust secures the installments hereby transferred, but no further.

The habendum clause then followed in part:

> together with **all** and singular the contract **lien**, vendor's lien, **rights, equities**, titles and interest in and to said land which it has by virtue of being the legal **owner and holder** of said **installments** and the lien securing the same. (Emphasis added).

Contrary to the assignments in the two cases discussed below, the assignment from the Bank to the Lumber Co. did not include a designation of a substitute trustee by the Bank. Then, by instrument signed February 6, 1934, M.H. Gossett, the trustee designated in the deed of trust, executed an instrument entitled "Resignation of Trustee." Among other provisions, the instrument referenced the history of the loan and the assignment of past due installments to the Lumber Co., and acknowledged that the assignee had requested that M.H. Gossett, trustee, proceed to sell the land in satisfaction of the delinquent debt, but stated that M.H. Gossett was unable to be present in person to conduct the sale and declined to act as trustee. Gossett's resignation was followed by the Lumber Co.'s appointment of R.C. Holden as substitute trustee to act under the powers provided in the deed of trust, and on April 3, 1934, R.C. Holden, acting as substitute trustee, conducted the private foreclosure and conveyed the property to the Lumber Co, subject to the balance owing to the Bank, which was

made subject to the unmatured part of the note secured by this deed of trust, and it is agreed that such sale shall not in any manner affect the unmatured part of the debt secured by this deed of trust, but as to such unmatured part of this deed of trust shall remain in full force and effect, just as though no sale had been made under the provisions of this paragraph; and it is specifically agreed that no one sale under the powers conferred in this paragraph shall exhaust the right of sale under the powers conferred in the first preceding paragraph hereof relating to the maturity of the entire debt, nor shall one sale exhaust the power of sale to enforce the payment of any subsequently maturing installment, the payment of which may be defaulted, and it is **agreed that an assignee holding any installment or installments of the note** hereby secured, **shall have the same powers as are** hereby conferred on THE FEDERAL LAND BANK OF HOUSTON, to request the Trustee named herein, or his successors as herein provided for, to sell the property herein conveyed.

later paid by the Lumber Co. Shamburger, *et al.* are the successors and grantees of the Lumber Co.

Conoco, Inc. initiated a declaratory judgment action seeking a declaration that the appointment of the substitute trustee made in 1934 was void and of no effect; that a conveyance to the predecessor in interest of Shamburger, *et al.* by the substitute trustee so appointed following a deed of trust foreclosure was void and of no effect; that Conoco, Inc. was the owner of certain undivided mineral interests; and that the conveyance to the predecessor in interest of Shamburger *et al.* of such properties by a substitute trustee pursuant to a deed of trust foreclosure made in 1934 was void and of no effect.[4] In response, Shamburger, *et al.* contended that the appointment of the substitute trustee and the private foreclosure was proper and valid, and Shamburger, *et al.* also sought declaratory relief and attorney's fees. After a non-jury trial, at which there was no dispute that J.W. McCaskill and Clara McCaskill were the common source of title, the trial court signed its judgment determining and declaring that (1) Conoco, Inc. is the owner of the subject minerals; (2) the appointment of R.C. Holden as substitute trustee by the Lumber Co. and the substitute trustee's deed are void and of no effect; and (3) the title of Conoco, Inc. be quieted. The judgment also awarded Conoco, Inc. $7,500.00 in attorney's fees through the trial court, $2,500.00 in the event of an appeal to this Court, and $1,000.00 in the event of an appeal to the Supreme Court and a petition for review is granted.

By three points of error, Shamburger, *et al.* contend (1) the trial court erred in holding (a) that the Appointment of Substi-

tute Trustee on February 28, 1934 of R.C. Holden was void and of no effect; and (b) that the Trustee's Deed dated April 3, 1934, from R.C. Holden, Substitute Trustee, to C.D. Shamburger Lumber Company, Inc., was void and of no effect;[5] (2) the trial court abused its discretion in admitting evidence, over objection, in support of a claim not revealed by Conoco, Inc. in response to a contention interrogatory because such evidence was calculated and probably did cause the rendition of an improper judgment; and (3) the trial court abused its discretion in refusing to admit into evidence the affidavit of John V. Wheat offered by appellants and marked as Defendant's Exhibit No. 2, because such document fell within the hearsay exception provided by Rule 803(15) of the Texas Rules of Evidence for statements in documents affecting an interest in property. Because we sustain point of error one, our consideration of the second and third points is pretermitted. Tex.R.App. P. 47.1.

 Initially, we address the standard of review for a judgment based upon a non-jury trial where findings of fact and conclusions of law were not requested or made and filed by the trial court. Where as here, neither party requests findings of fact and conclusions of law, all questions of fact are presumed found in support of the judgment and the judgment should be affirmed if it can be upheld on any basis. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex.1987). A court of appeals may not pass upon the credibility of witnesses nor substitute its findings for those made by the trial judge, even though after reviewing the evidence, it may have reached a different conclusion from that of

---

**4.** The statement of the case presented by Shamburger, *et al.* in their brief was adopted by Conoco, Inc.

**5.** Because the parties stipulated the common source of title, and Conoco, Inc. adopted the statement of the case of Shamburger, *et al.* herein and does not contend that the first point of error does not comply with Rule

38.1(e) of the Texas Rules of Appellate Procedure, we consider point of error one sufficient to preserve error on such subsidiary issues as the declaration that Conoco, Inc. is the owner of an undivided one-half of the subject mineral interest and that title be quieted in Conoco, Inc.

the trial judge sitting without a jury. *Id.* However, because a reporter's record has been provided, the implied findings may be challenged for legal and factual insufficiency "the same as jury findings or a trial court's findings of fact." *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989). However, determinations or conclusions of law are always subject to *de novo* review. *Matter of Humphreys,* 880 S.W.2d 402, 404 (Tex.1994), *cert. denied,* 513 U.S. 964, 115 S.Ct. 427 130 L.Ed.2d 340 (1994); *Hydrocarbon Mgt. v. Tracker Exploration,* 861 S.W.2d 427, 431 (Tex.App.—Amarillo 1993, no writ).

In connection with their first point, Shamburger *et al.* contend, among other things, that the evidence established that the Bank was aware of and participated in the appointment of the substitute trustee so that the action of the Lumber Co. appointing the substitute trustee was, for these purposes, the act of the Bank. Because we agree with Shamburger, *et al.* on their other ground that the provisions of the documentation applicable to the appointment of R.C. Holden as substitute trustee are controlling and form the basis of our decision, we need not consider the fact question as to whether the Bank actually participated in the appointment of the substitute trustee, nor do we decide if such fact question is deemed found contrary to the position of Shamburger, *et al.* because of the absence of any request for findings of fact and conclusions of law.

Similar questions have previously been submitted to this Court, but some of the relevant facts and the provisions of the relevant documentation are not common.[6] In *Hart v. McClusky,* 118 S.W.2d 1077 (Tex.Civ.App.—Amarillo 1938, writ ref'd), we upheld a private foreclosure sale conducted by a substitute trustee designated by the Bank in the same document which assigned the delinquent installments to the assignee. Hart contended the appointment of a substitute trustee should have been made by the assignee and therefore the foreclosure was void. We rejected Hart's contention and noted that the assignment from the Bank under which the assignee sought to foreclose designated the substitute trustee and the assignment did not effectively assign the power to appoint a substitute trustee.

Then, in *Burrow v. McMahan,* 376 S.W.2d 850 (Tex.Civ.App.—Amarillo 1964), *aff'd* 384 S.W.2d 124 (Tex.1964), we held that a foreclosure sale by a substitute trustee was void. However, the documentation and facts are not common to the facts and assignment here. In *Burrow,* by instrument dated September 4, 1937, which recited that M.H. Gossett, trustee, had died, and which contained an appointment of A.C. Williams as substitute trustee, the Bank assigned the delinquent installment to Mrs. Hofeus. When A.C. Williams refused to conduct the foreclosure at the request of the assignee, by written instrument, Mrs. Hofeus appointed T.B. Burrow as substitute trustee in place of A.C. Williams, who had been designated as substitute trustee in the assignment under which the assignee claimed. However, again, the documentation is not common with the documentation applicable to the subject appointment and foreclosure sale, and the assignment from the Bank to Mrs. Hofeus does not assign broad powers as in the assignment from the Bank to the Lumber Co.

■ As an assignee from the Bank, the Lumber Co. stands in the place of the Bank as the original mortgagee. *Wynnewood Bank and Trust v. State,* 767 S.W.2d 491 (Tex.App.—Dallas 1989, no writ). Moreover, contrary to the assignments in *Hart* and *Burrow,* which contained designated substitute trustees by the Bank, the

---

**6.** The assignment from the Bank to Shamburger, *et al.* was dated January 12, 1934, while the assignment from the Bank to the assignees in *Hart v. McClusky,* 118 S.W.2d 1077 (Tex.Civ.App.—Amarillo 1938, writ ref'd), was dated February 25, 1936, and the assignment from the Bank to the assignees in *Burrow v. McMahan,* 376 S.W.2d 850 (Tex.Civ.App.—Amarillo 1964), *aff'd* 384 S.W.2d 124 (Tex. 1964), was dated September 4, 1937.

assignment to the Lumber Co. from the Bank did not contain a designated substitute trustee; instead it transferred all right, title and interest held by the Bank (subject to the conditions stated in the assignment). Because the deed of trust contained a provision allowing the "owner or holder of said debt" to designate or appoint a substitute trustee upon the death, resignation or refusal of the original trustee to act,[7] this power was effectively assigned to the Lumber Co. by the broad terms of the assignment to the Lumber Co., but which broad provisions were not presented in the foreclosures in *Hart* and *Burrow*. Additionally, the provision authorizing a sale of delinquent installments and foreclosure by the assignee of the delinquent installments recites that the assignee "shall have the same powers as are hereby conferred on" the Bank. Because the Lumber Co. stands in the place of the Bank, its appointment of the substitute trustee was not void, but was authorized under the deed of trust and the assignment by the Bank to the Lumber Co. Based upon the assignment from the Bank to Shamburger, *et al.* as distinguished to the assignments from the Bank in *Hart* and *Burrow,* we sustain the first point of error presented by Shamburger, *et al.* and reverse the provisions of the trial court judgment that (1) Conoco, Inc. is the owner of an undivided one-half interest in the subject minerals; (2) the appointment of substitute trustee by the Lumber Co. and the substitute trustee's deed are void and of no effect; and (3) title be quieted in Conoco, Inc.

■ We note that Shamburger, *et al.* does not present any issues or points of error contending the trial court erred in awarding attorney's fees. The Court held

in *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex.1982), that a court of appeals errs when it reverses the trial court's judgment in the absence of properly assigned error. Later, in *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993), the Court stated:

> We have held repeatedly that the court of appeals may not reverse the judgment of the trial court for a reason not raised in a point of error.

Accordingly, we cannot sua sponte reverse the award of attorney's fees. *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990). Point of error one is sustained.

■ Conoco, Inc. presents three cross-points contending (1) error in admitting the affidavit of William E. Zimmerman, dated April 3, 1991, (2) if the Zimmerman affidavit or the affidavit of John V. Wheat are considered, they do not support the attempt by Shamburger, et al. to prove title in the common source, and (3) the third point of error presented by Shamburger, et al. was not preserved for review by bill of exception. However, because Conoco, Inc. did not file its own notice of appeal pursuant to Rule 25.1(c) of the Texas Rules of Appellate Procedure, the points are not presented for our review. Moreover, because our sustention of point of error one is based only upon the documentation and is not based upon the affidavits of Zimmerman or Wheat, our consideration of the cross-points is unnecessary.

Accordingly, that portion of the trial court's judgment decreeing that Conoco, Inc. is the owner of the subject mineral interest; that the appointment of the substitute trustee and the conveyance by the substitute trustee to the Lumber Co. dat-

---

7. If the said Trustee shall die, or shall remove from the State of Texas, or shall be disqualified from acting in the execution of this trust, or shall fail or refuse to execute the same when requested by the **owner or holder** of said **debt** so to do, said **owner or holder** shall have **full power to appoint**, by written instrument duly recorded in said County, a **Substitute Trustee,** and, if necessary, several Substitute Trustees in succession, who shall succeed to all the estate, rights, powers and duties of the said M.H. Gossett, and Mortgagors do hereby ratify and confirm any and all acts which the said M.H. Gossett, Trustee, or his successor or successors in this trust, shall do lawfully by virtue hereof.

ed April 3, 1934, is void and of no effect; and that Conoco, Inc.'s title to the mineral interests be quieted, is reversed, and judgment is here rendered that (1) Shamburger, et al. are the owners of an undivided one-half (½) interest in the minerals in the North 150 acres of the East Half (E/2) of Section 5, Block 44, H & T Railway Company Survey, Foard County, Texas, and an undivided one-half (½) interest in the minerals in the North fifty (50) acres of the South seventy-five (75) acres of the East half of Section 6, Block 44, H & TC Railway Company Survey, Foard County, Texas; (2) the appointment of substitute trustee from C.D. Shamburger Lumber Company, Inc. to R.C. Holden dated February 28, 1934, recorded in Volume 71, Page 272, Deed of Trust Records of Foard County, Texas and the conveyance from R.C. Holden, Substitute Trustee, to C.D. Shamburger Lumber Company, Inc., dated April 3, 1934, recorded in Volume 71, Page 341, Deed of Trust Records of Foard County, Texas are not void, but are effective; (3) and the title to the mineral interest above described of Shamburger, et al. is hereby quieted; otherwise in all other respects, the judgment of the trial court is affirmed.