NO. 12-01-00024-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LLOYD S. ELLIOTT,
§
 APPEAL FROM THE 241ST

APPELLANT 


V.
§
 JUDICIAL DISTRICT COURT OF


ROBERT D. UNGERECHT,

APPELLEE §
 SMITH COUNTY, TEXAS

 


 Lloyd S. Elliott ("Elliott") sued Robert D. Ungerecht ("Ungerecht"), Frank Sturrock, and
Cretaceous Investments, Inc. ("Cretaceous") for monies owed under a promissory note and letter
agreement. Elliott nonsuited Sturrock and took a default judgment against Cretaceous. The suit
against Ungerecht proceeded to a trial before the bench after which the trial court entered judgment
in favor of Ungerecht. Elliott advances nine issues for our consideration. We affirm.


Background

 Ungerecht and his friends, Frank Sturrock and David Fry, formed Cretaceous in the early
1990s specifically for the purpose of operating ten oil and gas wells in the East Fruitvale Field in
East Texas. The three Cretaceous stockholders believed that a horizontal water flooding process
could be used for secondary recovery of oil in the East Fruitvale Field, and if the project was
successful, they could sell it for a profit. Cretaceous needed more capital to complete the project but
could not get it.

 Ungerecht had worked in the oil business for many years. During the 1960's, while working
in the Venezuelan oilfield, he had befriended Elliott who was also working there. Ungerecht went
to Elliott, then based in Oklahoma, to ask for a loan for the Cretaceous project. Elliott agreed.

 On June 17, 1994, Elliott and Ungerecht simultaneously executed a promissory note and a
letter agreement for a loan of $70,000.00 from Elliott to Ungerecht. The note provided for interest
at a rate of ten percent per annum. The letter agreement explained that the loan was for the
development of the East Fruitvale oilfield properties of which Ungerecht owned thirty-three percent 
as one-third owner of Cretaceous. Under the terms of the letter agreement, Ungerecht assigned
Elliott an option whereby Elliott could take a ten percent interest in the properties being developed
at any time during the one year term in lieu of repayment of the loan. 

 In October of 1994, a Swiss company bought the majority of Cretaceous' interest in the
properties. Cretaceous sent Elliott a check for $80,000.00 to retire the note. After making a trip to
East Texas to see the production operation, Elliott returned the check, indicating he did not want the
money at that time but wanted to "stay in the project." There were discussions about assigning an
interest in the properties to Elliott, and an assignment document was drafted but never executed. The
Swiss company did not continue to develop the property as originally intended, and Cretaceous
dissolved. Elliott demanded payment of the note after June 17, 1995, but never received payment.

 Elliott sued Cretaceous, Ungerecht, and Frank Sturrock. Elliott nonsuited Sturrock and took
a default judgment against Cretaceous. The suit against Ungerecht was tried to the court. In his
second amended original answer, Ungerecht raised the affirmative defense of waiver contending that
Elliott had waived his right to demand payment of the note by accepting the ten percent interest in
the properties. In its findings of fact, the trial court found that payment was tendered and rejected
and that after rejecting the tender of payment, Elliott accepted the ten percent interest in the
properties in lieu of repayment. In its conclusions of law, the trial court concluded that the letter
agreement was not ambiguous, that the assignment of option was not an option for lack of essential
terms, and that the only cause of action in Elliott's petition was on the note. Based upon its findings
and conclusions, the trial court entered a take nothing judgment against Elliott.


Legal and Factual Sufficiency

 Elliott briefs his first three issues together. In his first issue, Elliott asserts that the trial court
erred in entering a take nothing judgment against him. In his second issue, Elliott contends that he
is entitled to payment on the promissory note and letter agreement as a matter of law. In his third
issue, Elliott contends that the evidence is legally and factually insufficient to support the trial court's
findings of fact, so judgment should be rendered for him. Since these three issues concern, in
essence, the sufficiency of the evidence to support the trial court's findings of fact and its judgment,
we will address these issues together.

Waiver

 Having reviewed the record, we conclude that the trial court's finding that Elliott accepted
an interest in the project in lieu of repayment constitutes to a waiver of his right to collect on the
promissory note. Waiver is an affirmative defense that must be specifically pled. Tex. R. Civ. P.
94. In his pleadings, Ungerecht contended that Elliott had waived his right to collect on the note
because he accepted the ten percent interest in the properties. Waiver is an intentional relinquishment
of a known right and is either expressly made [or] indicated by conduct that is inconsistent with an
intent to claim the right. United States Fidelity & Guaranty Co. v. Bimco Iron & Metal Corp., 464
S.W.2d 353, 357 (Tex. 1971); Cal-Tex Lumber Co., Inc. v. Owens Handle Co., Inc., 989 S.W.2d
802, 812 (Tex. App.-Tyler 1999, no pet.). A waivable right may spring from law or, as in this case,
from a contract. Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855, 865 (1958); Tenneco Inc. v.
Enterprise Products Co., 925 S.W.2d 640, 643 (Tex. 1996). The party asserting a waiver has the
burden of proof. Ford v. Culbertson, 308 S.W.2d at 865. A party's intention is a primary factor in
determining questions of waiver, and in the absence of a clear intent expressed in words, acts, or
conduct, waiver will be implied only to prevent fraud or inequitable consequences. Cal-Tex Lumber
Co., Inc., 989 S.W.2d at 812.

Standard of Review

 While findings of fact issued in a bench trial have the same force and dignity as a jury's
verdict, the trial judge's findings of fact are not conclusive when there is a complete reporter's record
before the appellate court. Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex. 1995). In that case, we
are not bound by the trial court's findings but will review the findings for legal and factual
sufficiency of the evidence by the same standards used in reviewing the evidence supporting a jury's
verdict. Id. 

 When an appellant attacks the legal sufficiency of an adverse finding on an issue on which
the other party had the burden of proof, the appellant must demonstrate on appeal that there is no
evidence to support the adverse finding. See Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). 
In reviewing no evidence points of error, the reviewing court must consider only the evidence and
inferences tending to support the trial court's finding, disregarding all contrary evidence and
inferences. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). If there is any
evidence of probative force to support the finding, the no evidence issue must be overruled and the
finding upheld. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997). 

 When an appellant attacks the factual sufficiency of an adverse finding on an issue on which
the other party had the burden of proof, the attacking party must demonstrate that there is insufficient
evidence to support the adverse finding. See Croucher, 660 S.W.2d at 58. A factual sufficiency
challenge requires us to examine the entire record to determine if there is some probative evidence
to support the finding, and if so, whether that evidence is so weak that the finding is clearly wrong
and manifestly unjust. See City of Beaumont v. Spivey, 1 S.W.3d 385, 392 (Tex. App.-Beaumont
1999, pet. denied). This court is not a fact finder and may not pass on the credibility of the witnesses
or substitute our judgment for that of the trier of fact. Clancy v. Zale Corp., 705 S.W.2d 820, 826
(Tex. App.-Dallas 1986, writ ref'd n.r.e.). Findings of fact are the exclusive province of the jury
and/or trial court. Bellefonte Underwriters Ins. Co. v. Brown, 704 S.W.2d 742, 744 (Tex. 1986). 
Accordingly, if there is sufficient competent evidence of probative force to support the finding, it
must be sustained. Beall v. Ditmore, 867 S.W.2d 791, 795-96 (Tex. App.-El Paso 1993, writ
denied). 

 The trial court's conclusions of law are not binding on an appellate court and are always
subject to de novo review. Shamburger v. Conoco, Inc., 999 S.W.2d 462, 466 (Tex. App.-Amarillo
1999, pet. denied). Although a trial court's conclusions of law may not be challenged for factual
insufficiency, the trial court's conclusions drawn from the facts may be reviewed to determine their
correctness. Ashcraft v. Lookadoo, 952 S.W.2d 907, 910 (Tex. App.-Dallas), pet. denied by 977
S.W.2d 562 (Tex. 1997); Arthur M. Deck & Assoc. v. Crispin, 888 S.W.2d 56, 60 (Tex.
App.-Houston [1st Dist.] 1994, writ denied). Moreover, where the trial court's findings of fact
conflict with its conclusions of law, findings of facts will be deemed to control. Brown v. The State
Bar of Tex., 960 S.W.2d 671, 674 (Tex. App.-El Paso 1997, no writ); County of El Paso v. Ortega,
847 S.W.2d 436, 441 (Tex. App.-El Paso 1993, no writ).

Analysis

 Elliott argues that the evidence is insufficient to support the trial court's findings that he
rejected tender of payment of the note and then accepted a ten percent interest in the properties in
lieu of repayment of the note. Our review of record reveals more than a scintilla of probative
evidence, or reasonable inferences therefrom, which supports these findings. It is undisputed that
Elliott returned the $80,000.00 check. The testimony of David Fry that Elliott said he wanted to
"stay in the project" just prior to returning the check supports the trial court's findings that Elliott
accepted a ten percent interest in the properties in lieu of repayment of the note. Further, Ungerecht
testified that after Elliott returned the check, Cretaceous used the money to pay off other debts and
put the remainder back into the project. Thus, the evidence is legally sufficient to support the trial
court's finding that Elliott waived his right to repayment by accepting a ten percent interest in the
project. 

 Furthermore, our factual sufficiency review of the record reveals that the evidence supporting
the trial court's findings is not so weak that the findings are clearly wrong and manifestly unjust. 
The only evidence that Elliott did not intend to accept an interest in lieu of repayment came in the
form of testimony by Elliott himself. As previously noted, the trier of fact is the sole judge of the
credibility of the witnesses and the weight to be given to their testimony. See Mayes v. Stewart, 11
S.W.3d 440, 451 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). The factfinder may believe
one witness and disbelieve another. McGalliard v. Kuhlman, 722 S.W.2d 694, 697 (Tex. 1986). 
The factfinder resolves inconsistencies in testimony. Id. Furthermore, the amount of evidence
necessary to affirm a judgment is far less than that necessary to reverse a judgment. Mayes, 11
S.W.3d at 451. The evidence is factually sufficient to support the trial court's finding that Elliott
waived his right to repayment by accepting a ten percent interest in the project. Elliott's first,
second, and third issues are overruled.


Remaining Issues


 In his fourth issue, Elliott contends the trial court's findings of fact and conclusions of law
fail to conform to the pleadings and, thus, the judgment should be reversed. However, Elliott offers
no authority for this proposition. Of course, the judgment must conform to the pleadings, the nature
of the case proved and the verdict. See Tex. R. Civ. P. 301; First Nat'l Bank v. Zimmerman, 442
S.W.2d 674, 678 (Tex.1969). If such is Elliott's complaint, he is incorrect. 

 Our review of the record reveals that the judgment of the trial court is authorized by the
defensive pleadings upon which the parties went to trial. Ungerecht's second amended original
answer raised the affirmative defense of waiver. Ungerecht contended that Elliott accepted to take
a ten percent interest in the properties in lieu of repayment of the note, and thus, waived his right to
demand repayment. There is evidence in the record that supports this contention. See Cal-Tex
Lumber Co., Inc., 989 S.W.2d at 812. Accordingly, the trial court's judgment conformed to the
pleadings and was supported by evidence in the record. Elliott's fourth issue is overruled.

 In his fifth issue, Elliott avers that the trial court's conclusions of law are erroneous as a
matter of law, and thus, the judgment should be reversed. Elliott does not point to a specific
conclusion but argues in general that the trial court's conclusion that the Letter of Agreement was
not a true option contract for lack of essential terms is in conflict with the trial court's finding that
Elliott accepted an interest in the project in lieu of repayment.

 Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal
theory supported by the evidence. Dickerson v. DeBarbieris, 964 S.W.2d 680, 683 (Tex. 
App.-Houston [14th Dist.] 1998, no pet.). Thus, incorrect conclusions of law do not require reversal
if the controlling findings of fact will support a correct legal theory. Id. Because the trial court's
finding that Elliott took an interest in the properties in lieu of repayment supports the trial court's
judgment, Elliott's fifth issue is overruled.

 In his sixth issue, Elliott contends the trial court committed reversible error by impliedly
concluding that because Elliott rejected early tender of payment, he was not entitled to payment of
the note. Where the trial court has filed written findings of fact and conclusions of law which
support the judgment, we decline to consider whether an implied finding which is authorized by the

defensive pleadings (1) but not necessary to support the judgment was made at all, much less made in
error. Elliott's sixth issue is overruled.

 In his seventh issue, Elliott contends that the trial court's conclusion that there was no option
in the letter agreement defeats Ungerecht's defensive pleading on that theory. As previously stated,
where the trial court's findings of fact conflict with its conclusions of law, findings of facts will be
deemed to control. Brown, 960 S.W.2d at 674; County of El Paso, 847 S.W.2d at 441. Elliott's
seventh issue is overruled.

 In his eighth issue, Elliott argues that assuming there was an option contract, Elliott did not
exercise his option. Elliott does not allege error of any sort by this issue but merely presents an
argumentative statement. There being nothing for us to review, we overrule Elliott's eighth issue. 

 In his ninth issue, Elliott contends that the trial court committed reversible error by
determining that his rejection of Cretaceous' check amounted to a taking of the property in lieu of
repayment, especially when there was no defensive pleading of such. Again, our review of the
record reveals that the finding of the trial court that Elliott exercised his option to take a ten percent
interest in the properties is authorized by the defensive pleadings upon which the parties went to trial
(i.e., waiver) and is supported by evidence in the record. See Tex. R. Civ. P. 301. Elliott's ninth
issue is overruled.

 The judgment of the trial court is affirmed.


 JIM WORTHEN 

 Justice


Opinion delivered January 30, 2002

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.











(DO NOT PUBLISH)
1. In his answer, Ungerecht plead estoppel by rejection of tender, among other defenses.